**George W. GINO and Emilie R. Gino, Plaintiffs-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellant.**

**No. 74–1484.**

United States Court of Appeals, Ninth Circuit.

June 16, 1976.

Ann Belander Durney, Atty. (argued), Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Lawrence B. Trygstad (argued), of Trygstad & Odell, Los Angeles, Cal., for plaintiffs-appellees.

OPINION

Before DUNIWAY, CARTER and TRASK, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue (Commissioner) has appealed from an adverse decision of the Tax Court regarding a

"home-office" deduction claimed by taxpayers. The opinion of the Tax Court is reported at 60 T.C. 304 (1973).[1]

The essential facts are not in dispute. Taxpayers, husband and wife, were high school teachers employed in the Los Angeles School System during the tax years in question, 1966, 1967 and 1968. In this period both performed non-classroom duties at home in connection with their employment. They spent about two hours each night, five days a week, preparing lesson plans, framing examination questions, grading papers and reading professional materials. They also stored their professional library and teaching materials in their home. During the years at issue they used a definite percentage of the space for business purposes, although the areas so occupied were not segregated but were also used for non-teaching activities.

On their returns they claimed specified amounts as expenses for an office-in-the-home. The Commissioner allowed a portion of the deductions, computing the deduction on the basis of a formula contained in Rev. Rul. 62–180, 1962–2 Cum.Bull. 52, example 5. The Tax Court rejected this formula and held instead that the deduction should be based upon the number of hours per day used for business purposes divided by the time the space was *actually* used for all purposes. Reliance was placed upon section 1.274–2(e)(4), of the Income Tax Regulations promulgated under 26 U.S.C. § 274 which provide for deductions of expenses for facilities used in connection with entertainment, amusement or recreation under limited circumstances.[2] The Tax Court interpreted that section to provide that the actual use and not the availability of use is to control in determining whether the primary use of transportation facilities, such as an automobile or airplane, or entertainment facilities, such as a yacht or hunting lodge, is for business or personal purposes.

Here, however, we are not determining the primary use for the purpose of qualifying for the deduction but the portion of the use claimed for the purpose of computing the deduction itself. Nor are we concerned with expenditures for facilities used in connection with entertainment, amusement or recreation.

■ 26 U.S.C. § 162 provides for the deduction of all ordinary and necessary business expenses paid during the taxable year in carrying on a trade or business. The limitations upon the deductibility of such expenditures is clarified by 26 U.S.C. § 262, providing that "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." The appropriate regulation explaining the section is 1.262–1(b)(3).

"Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense."

The Internal Revenue Service has issued Rev.Rul. 62–180, 1962–2 Cum.Bull. 52 in order to illustrate and apply this regulation. It provides that if an individual uses a room in his residence for business purposes "on a regular basis" but also uses it for personal affairs, an allocation is required based on the number of hours per day of actual

---

1. Two of the three unrelated issues in the Tax Court were resolved in favor of the Commissioner and were not appealed. This appeal concerns part 2 of the decision described therein as "Office-in-Home Expense."

2. Section 274 reads in pertinent part, that
  "No deduction otherwise allowable under this chapter shall be allowed for any item—

"(B) . . . With respect to a facility used in connection with an activity referred to in subparagraph (A) [i. e., entertainment, amusement or recreation], unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business . . . ."

business use over the number of hours per day during which the room is available for all uses. An example, followed by the Commissioner and rejected by the Tax Court, relates closely to the situation here.[3]

 Admittedly any rule is an accommodation which attempts to fairly credit the taxpayer with a proper deduction while protecting the treasury in its responsibility to collect necessary tax revenues. Where a revenue ruling has been published by the Internal Revenue Service for the purpose of solving this particular problem, such as the ruling relied upon here by appellant, considerations of fair and effective administration of the tax law persuade us to the Commissioner's view, particularly in a close case. As the Supreme Court said in *United States v. Correll,* 389 U.S. 299, 306–07, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967):

> "Alternatives to the Commissioner's . . . rule are of course available. Improvements might be imagined. But we do not sit as a committee of revision to perfect the administration of the tax laws. Congress has delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. § 7805(a). In this area of limitless factual variations, 'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.' *Commissioner v. Stidger,* 386 U.S. 287,

296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner."

We are persuaded that the better course is to follow the rule established by the Commissioner. The decision of the Tax Court is reversed.

---

3. Example 5, 1962–2 Cum.Bull. provides:

"As a condition of his employment, *E*, an outside salesman, is required to do his clerical work on his own time and away from the company office. He does this work at his residence which he rents. He must do this work on a regular basis in order to keep his orders current. He uses the den as an office. The den is also available for family use. He uses the den for business purposes an average of two hours per day. Therefore, two twenty-fourths of the expense allocable to the den is deductible as business expenses. The den is 10 x 15 feet and the total area of the house is 2,000 square feet. Therefore, 7.5 percent (15%,000) of the expenses is allocable to the den.

"*E's* electric bill for the year was $100 of which $60 is attributable to lighting; $40 is

attributable to purely personal uses and is not deductible. *E* spent $285 for oil. Of this amount $250 is attributable to heating his residence; $35 is attributable to purely personal uses and is not deductible.

"The allowable deduction from gross income in computing adjusted gross income, for the portion of the expenses attributable to the business use of the den, is computed as follows:

| | |
|---|---|
| Light | $   60.00 |
| Heat | 250.00 |
| Rent | 2,400.00 |
| Total | $2,710.00 |

| | |
|---|---|
| Expenses attributable to the den (7.5% of $2,710.00) | $203.25 |
| Expenses attributable to business use of den (2/24 of $203.25) | $ 16.94" |