MARVIN H. SCHRIMPF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schrimpf v. Commissioner
Docket No. 10438-75.
United States Tax Court
T.C. Memo 1977-315; 1977 Tax Ct. Memo LEXIS 123; 36 T.C.M. (CCH) 1275; T.C.M. (RIA) 770315; September 19, 1977, Filed *123 P, an art teacher, traveled to the Caribbean, the Soviet Union, and to Hawaii. Held, the costs of such trips are not deductible as ordinary and necessary business expenses under sec. 162(a), I.R.C. 1954, and sec. 1.162-5(d), Income Tax Regs.
Thomas L. Iliff, for the petitioner. Gerald W. Leland, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $773.79 in the petitioner's Federal income tax for 1972. The only issue for decision is whether the petitioner, an art teacher, is entitled to deduct as educational travel expenses incurred on trips to the Caribbean, the Soviet Union, and Hawaii. FINDINGS OF FACT Some of the facts have been stipulated, *124 and those facts are so found. The petitioner, Marvin H. Schrimpf, maintained his legal residence in Bloomington, Minn., on the date he timely filed the petition herein. He filed his 1972 Federal income tax return with the Internal Revenue Service, Ogden, Utah. The petitioner holds a B.A. degree from St. Olaf College, where he majored in art and history. He obtained an M.A. degree from the University of Wisconsin in art and art history. During 1972, he was a certified secondary school art teacher and was employed as an art instructor at Lincoln High School, Minneapolis, Minn. During that year, the art courses taught by the petitioner included ceramics, sculpture, and painting. In the ceramics course, the student was required to create four ceramic objects of various sizes. During the course on sculpture, objects were created from wire, clay, wood, or other materials. The painting course was a basic one and dealt with color, line, and shape. Lincoln High School offered no course dealing exclusively with art history or architecture; those subjects were touched upon during one of the other art courses. During his Easter vacation, the petitioner went on a Caribbean cruise *125 from March 25 through April 1, 1972. The trip was sponsored by the Minnesota Education Association (MEA), a State teacher's organization. The petitioner volunteered to be MEA's representative on the trip, handling complaints and arranging for boat and other tickets. The cruise included four ports of call--Haiti, San Juan, St. Thomas, and Nassau--with the stay at each port of call lasting a day or less. No tour was offered during the visit to St. Thomas, and none was available in Nassau because the arrival date was Good Friday; however, at the other ports of call, tours were provided. While in the Caribbean, the petitioner visited no museums or schools, he attended no lectures or seminars, and he interviewed no artists, museum personnel, or other individuals with specific knowledge or skills in art. The petitioner did not make such visits or conduct such interviews because he felt that "priorities lay elsewhere" considering the fact that he wanted to see as much as he could within the short time he was in that area. The petitioner did not take the Caribbean cruise because he desired to see and examine any particular art display or listen to a particular seminar. However, he *126 had heard of a retirement community which was being set up by the Teachers Education Association in Puerto Rico, but in the short time he visited Puerto Rico, he was unable to find it. The places he visited were those which most tourists visit, including the straw markets which sold local crafts. At such markets and from other sources, the petitioner acquired various items including some fairly inexpensive native sculptures, grass baskets, and silver commemorative spoons. He has used such items in his art classes. During the summer of 1972, the petitioner again traveled abroad. The National Education Association, a national teachers' organization, sponsored a trip to the Soviet Union from July 5 through July 26, 1972. Russian cities visited by the petitioner included Moscow, Rostov-on-Don, Volgograd, Sochi, Kiev, and Leningrad. The tour spent only a few days at each city, and the sights visited were those normally viewed by tourists. He explained that his main goal in going to the Soviet Union was to see the Hermitage, a museum in Leningrad. He stayed in Leningrad for 2 days and spent most of 1 day at the Hermitage. The petitioner also saw two Russian ballets and a circus. *127 He purchased various items in the Soviet Union--a Ukranian egg, different types of cloth (including a table cloth), a wall plaque, a silver decorated spoon, wood carved toys, and other fairly inexpensive items. The petitioner has used some of those items in his art classes and in a Russian language class taught by another when he was invited to do so. The petitioner took a third trip during 1972; he traveled to Hawaii on December 26, 1972, and returned on January 6, 1973. This trip was also sponsored by MEA, and again the petitioner acted as MEA's representative, which required approximately 50 percent of his time. On his Hawaiian trip, the petitioner attended no lectures on art, nor did he interview museum personnel or anyone in the field of art. However, he did visit many of the sights which tourists ordinarily visit, such as Pearl Harbor, a Muumuu factory, the Polynesian Cultural Center, a zulu show, Punchbowl cemetery, and Sea Life Park. He again acquired various items of local handicraft, such as monkey pod carved bowls and plates, a Tiki mug and sculpture, some straw mats, and some silver commemorative spoons. The petitioner has used some of those items in his ceramics *128 class, particularly during his introduction of the subject. After each of the petitioner's three trips in 1972, he prepared a scrapbook, which contained items such as napkins, travel brochures, airline tickets, pictures taken by the petitioner, and notes made by him. Such scrapbooks were used from time to time by the petitioner in his art classes and when he was invited to discuss his trips in other classes. In 1964, the petitioner was first certified as a secondary school teacher. During the year in issue, he was subject to the requirement of the Minnesota Board of Education that he earn a specified number of renewal units within 5 years in order to maintain his certification. Renewal units had to be earned in at least two of seventeen specified areas. One area was volunteer work in professional organizations, and another area was travel related to the professional certification areas. However, in the case of travel, the regulation of the Minnesota Board of Education provided that "[prior] approval of this experience shall be obtained." The petitioner never secured advance approval for his travels and never attempted to use them for renewal credits. In 1974, he was able *129 to secure a life certification, without having to earn such credits, due to a law enacted after the year in issue. On his 1972 Federal income tax return, the petitioner claimed a business deduction for his travel expenses, including side tours and purchases, in the amount of $2,778.98. The petitioner has substantiated that he in fact incurred such expenses to the extent of $2,683.94, consisting of $2,221.20 as the cost of travel and $462.74 as the cost of side tours and purchases. In his notice of deficiency, the Commissioner disallowed the claimed deduction on the ground that it did not constitute an ordinary and necessary business expense. OPINION The only issue presented for decision is whether the petitioner is entitled to deduct under section 162(a) of the Internal Revenue Code of 1954 the costs he incurred in traveling to the Caribbean, to the Soviet Union, and to Hawaii. He claims that such costs qualify as deductible educational expenditures in accordance with the Commissioner's regulations under such section. In relevant part, those regulations provide: Sec. 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual *130 for education (including research undertaken as part of his educational program) * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. * * *
(d) Travel as a form of education. Subject to the provisions of paragraph (b) and (e) of this section, expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is *131 of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment, is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. Thus, the issue before us turns on whether "the major portion" of the petitioner's activities during his trips "directly related" to his duties as an art teacher. It is well established that the answer to such question depends upon the factual constellation of each case. Gino v. Commissioner,60 T.C. 304, 309 (1973), revd. per curiam on other grounds 538 F. 2d 833 (9th Cir. 1976), cert. denied     U.S.     (Nov. 1, 1976); Marlin v. Commissioner,54 T.C. 560, 565 (1970). The petitioner bears the burden of establishing that he meets the requirements for deducting his travel expenditures. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933); *132 Gino v. Commissioner,supra at 309; Marlin v. Commissioner,supra at 566. The petitioner was employed as an art teacher, instructing students in the fields of ceramics, basic painting, and sculpture. The duties required of him in teaching such courses related to his technical skills in such fields. Yet, on his trips, the petitioner never sought out artists or others with such technical skills; instead, he visited those sights which are commonly viewed by all tourists. Furthermore, he never attended any lectures on art and, in the Caribbean and Hawaii, did not visit museums. In Russia, he did visit the Hermitage, but it was merely one of numerous sights he saw on that trip. The petitioner testified that art history and architecture were touched upon in his art courses, but they were not the primary focus of any given course. Consequently, we are not persuaded that the petitioner's activities on his trips were "directly related" to his duties as an art teacher; certainly, he has not established the requisite connection between his duties and his travel activities. Cf. Krist v. Commissioner,483 F. 2d 1345, 1348, 1351 (2d Cir. 1973), *133 revg. a Memorandum Opinion of this Court; Gino v. Commissioner,60 T.C. at 310; Marlin v. Commissioner,54 T.C. at 566. In addition, even though the petitioner, in his trips, did acquire some materials that have been used in his classes, it is clear that "the major portion" of his activities was not "directly related" to his teaching duties. The acquisition of such materials involved little more than an incidental part of his traveling, both the regulations and the courts require to his skills as an art teacher--he relaxed, acted as a tour leader, and visited the sights enjoyed by most tourists. No doubt, the petitioner is a sincere and conscientious teacher, and his traveling has broadened his view and enabled him to acquire some materials which have been useful in his classes; nevertheless, those indirect and incidental benefits are not sufficient to entitle the petitioner to deduct the costs of such traveling. To be entitled to a deduction for traveling, both the regulations and the courts require that the major portion of the traveling be devoted to educational purposes, and the incidental benefits derived by the petitioner from his traveling *134 do not fulfill that requirement. See Gino v. Commissioner,60 T.C. at 310-311; Marlin v. Commissioner,54 T.C. at 562, 566; cf. Krist v. Commissioner,483 F. 2d at 1350. Finally, the petitioner argues that he should be entitled to a business deduction for his trips because at the time of such trips, he believed that they would count for renewal credits which were necessary for his continuing certification. We reject this argument for a number of reasons: First of all, it is not clear whether the petitioner would have received renewal credit for his travel because the relevant regulation of the Minnesota Board of Education appears to require its prior approval of proposed travel before it can be used as renewal credit, and the petitioner did not obtain such prior approval. Moreover, since he never sought approval for his trips, we do not know whether, in fact, they would have been approved for credit. In any event, even if the petitioner's trips would qualify for credit, such approval of the trips does not necessarily entitle the petitioner to deduct their costs. Sec. 1.162-5(d), Income Tax Regs.; Gino v. Commissioner,60 T.C. at 311. *135 such trips were not sufficiently related to his teaching to entitle him to deduct their costs, and we so hold. Decision will be entered for the respondent.*