PHILLIP L. LUBEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luben v. Commissioner
Docket No. 1108-76.
United States Tax Court
T.C. Memo 1978-198; 1978 Tax Ct. Memo LEXIS 314; 37 T.C.M. (CCH) 850; T.C.M. (RIA) 780198; May 31, 1978, Filed Phillip L. Luben, pro se. Thomas L. Stalzer, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $2,688.21 in petitioner's Federal income tax for 1972. The issues for decision are: 1. Whether petitioner is entitled to a business expense deduction for an office he maintained in his home; 2.Whether petitioner is entitled to various other business expenses deductions, specifically (a) legal and professional fees, (b) commissions, (c) advertising expenses, (d) car washes, (e) automobile insurance, and (f) telephone expenses; and 3. Whether petitioner is entitled to deduct certain travel and entertainment expenses. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time he filed his petition, Phillip Luben was a resident of Beachwood, Ohio. In 1972 petitioner was in the business of locating missing heirs. Because he experienced emotional strain *316 due to his wife's death the previous year, his business activities declined in 1972. His business apparently required extensive travel and telephone conversations. Petitioner maintained his only office for his business in his apartment, which consisted of a kitchen, a living room, two bedrooms and a bathroom. One of the two bedrooms was used exclusively as an office, and in this office he had a desk, a work table, a photocopying machine, a typewriter, a telephone, a telephone answering machine and his library. The only "office equipment" located in any other of the rooms in the apartment were other telephone extensions. On his return for 1972 petitioner reported that he paid $1,660 rent and $191.17 for utilities. He claimed a deduction of 60% of this amount as an office-in-home expense. On his 1972 return petitioner claimed that he incurred the following expenses in his business: Expense
Amount
Legal and professional fees
$ 200.00
Commissions
400.00
Advertising expenses
988.00
Car washes
193.50
Automobile insurance
170.70
Telephone
264.64
$2,216.84 Petitioner had no documents to substantiate these claimed deductions. He lost his records *317 during several changes of residence which he made after his wife's death. Petitioner's 1972 return was prepared for him by an attorney who, at the trial of this case, could recall seeing only documents supporting the claimed automobile insurance expense. On his 1972 return petitioner also claimed deductions for travel and entertainment expenses as follows: Expense
Amount
Travel
Transportation (52,153 miles)
$5,142.77
Parking and tolls
378.95
Lodging
459.18
Meals
248.79
Tips
38.85
Taxi Fares
86.20
$6,354.74
Entertainment
$ 47.36 Again, petitioner had lost his records which he claimed substantiated these expenses. Petitioner's return preparer remembered seeing records supporting the claimed lodging expenses, but he could not recall the names of the hotels or motels or which cities they were located in. In the statutory notice, respondent disallowed all of the above claimed deductions in their entirety. OPINION The first issue is whether petitioner is entitled to deduct under section 162(a)(3) [1] the expenses of an office he maintained in his home. This was petitioner's only place of business. Although expenses for maintaining a household *318 are generally nondeductible personal expenses, expenses attributable to a part of a house used as in a taxpayer's business were, during the year in issue, deductible business expenses. Section 1.262-1(b)(3), [2] Income Tax Regs. Respondent contends, however, that petitioner has not substantiated the amount, if any, he is entitled to deduct for his home office. This issue is a factual one, and the burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rules 142(a), Tax Court Rules of Practice and Procedure.
*319 In this case petitioner testified that one of the two bedrooms in his apartment was used exclusively as an office and was his only office or place of business. We found this testimony to be credible. The nature of the equipment he maintained in this room--a desk, a work table, a photocopying machine--indicates that the room was used exclusively for business purposes, as petitioner testified. Respondent does not dispute petitioner's claim that he maintained an office in his home. Respondent contends, rather, that if petitioner is entitled to a deduction, the amount of rent paid should be allocated on the basis of business use of the office as compared to the time available for all uses. In support of this argument, respondent relies on Gino v. Commissioner,538 F. 2d 833 (9th Cir. 1976), revg. 60 T.C. 304 (1973), cert. denied 429 U.S. 979 (1976). Gino is inapposite here, and it is therefore unnecessary for us to decide whether we will follow the opinion of the Court of Appeals for the Ninth Circuit which reversed our opinion in that case. Gino considered the situation in which a portion of the taxpayer's home is used for both *320 business and personal purposes. In this case, one room in petitioner's home was used exclusively as an office and was his only place of business. See Sharon v. Commissioner,66 T.C. 515, 535 (Judge Dawson's dissent) (1976), on appeal (9th Cir., December 20, 1976), wherein Judge Dawson states that home office expenses are unquestionably deductible where an employee has no other office. Respondent's own Revenue Ruling 62-180, 1962-2 C.B. 52, provides that an employee who must provide his own office and uses a part of his residence for that purpose is entitled to a business expense deduction for the cost of such office. Needless to say, a self-employed individual is likewise (under the prior law here applicable) entitled to deduct the cost of his only office which happens to be located in his home and which is used exclusively for business purposes. The issue here then is not whether petitioner is entitled to a business expense deduction for his home office, but how much he is entitled to deduct. Since we lack specific evidence as to his actual office expenses or the percentage of his apartment used as an office, we are forced to make an approximation. *321 Cohan v. Commissioner,39 F. 2d 540, 544 (2d Cir. 1930). Upon consideration of all of the facts in this case, we conclude that petitioner is entitled to $350deduct for rent and utilities paid for the office he maintained in his home. The next issue is whether petitioner is entitled to a deduction under section 162 for various business expenses. On his return petitioner claimed the following deductions: Expense
Amount
Legal and professional fees
$ 200.00
Commissions
400.00
Advertising expenses
988.00
Car washes
193.50
Auto Insurance
170.70
Telephone
264.64
$2,216.84 Respondent determined that petitioner was not entitled to any of the above claimed deductions since petitioner could not produce any substantiation. Although petitioner presented no documentation of the above claims, his testimony that he incurred some expenses in connection with his business was credible. For example, petitioner testified that he received and placed many telephone calls in connection with his business from his telephone in his home. Further, petitioner testified that he used his car for business driving, and petitioner's tax return preparer recalled *322 seeing a receipt from the insurance company for petitioner's automobile insurance. Respondent contends, however, that petitioner was ill during 1972 and therefore incurred no business expenses since he did not conduct any business. Respondent further contends that the income received by petitioner in that year (approximately $15,000) had been earned in prior years. In support of his contention, respondent relies on the report of a revenue agent (who interviewed petitioner in 1974), which states that petitioner told the revenue agent that he worked very little in 1972. Petitioner and his return preparer testified, however, that although petitioner had worked much less in 1972 than in previous years, he had traveled and worked in that year. In light of all the evidence we conclude that petitioner did some work in 1972, although certainly less than in prior years. We further conclude that he incurred some of the claimed expenses, although the exact amount of such expenses is unclear. Since we lack specific evidence, we are again forced to make an approximation of the expenses which petitioner incurred. Bearing heavily against petitioner, Cohan v. Commissioner,supra, *323 we hold that he is entitled to deduct only $332 for these business expenses. The final issue is whether petitioner is entitled to deduct travel and entertainment expenses. Petitioner claims that he incurred travel and business entertainment expenses of $6,354.74 and $47.30, respectively, in 1972; respondent disallowed petitioner's claimed deduction on the grounds that petitioner failed to substantiate these expenditures as required by section 274. We sustain respondent's determination. Unlike section 162, section 274 requires specific substantiating evidence of travel and entertainment expenses in order for such expenses to be deductible. [3] Specifically, for travel expenses the taxpayer must show the time, place, business purpose and amount of the expenses incurred (section 1.274-5(b)(2), Income Tax Regs.); for entertainment expenses, the taxpayer must show the time, place, business purpose, the amount of expenses incurred, and the business relationship of the guest to the taxpayer (section 1.274-5(b)(3), Income Tax Regs.) *324 In this case, petitioner's records were apparently lost or misplaced while moving from one residence to another. Accordingly, unless petitoner can otherwise substantiate his expenditures, the claimed deductions must be denied. Under section 1.274-5(c)(5), [4] Income Tax Regs., if the taxpayer can establish that he at one time possessed adequate records and that his present lack of records is due to circumstances beyond his control, such as fire, flood or other casualty, then he may substantiate his deductions by reasonable reconstruction of his expenditures. However, the facts before us do not support the claim that petitioner's records were lost due to a casualty beyond his control. Loss of records while moving from one residence *325 to another does not qualify as a casualty beyond petitioner's control. Cf. Gizzi v. Commissioner,65 T.C. 342, 345-346 (1975). Furthermore, petitioner has failed to fulfill the additional requirement of reconstructing his records. He did not present any testimony as to the specific hotels or motels in which he lodged, or even as to the cities to which he traveled. Cf. Gizzi,supra, at 346. In light of petitioner's failure adequately to substantiate his travel and entertainment expenditures, respondent's disallowance of deductions for such expenses must be sustained. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue. Section 162(a)(3) provides: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. For current law, see section 280A. ↩
2. Section 1.262-1(b)(3) provides: (3) Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense.↩
3. Section 274(d) provides: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, * * * (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, * * *. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
4. Section 1.274-5(c)(5) provides: (5) Loss of records due to circumstances beyond control of the taxpayer.↩ Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.