NORMA L. DAVIS (BROOKS), Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 4562-76.
United States Tax Court
T.C. Memo 1979-63; 1979 Tax Ct. Memo LEXIS 462; 38 T.C.M. (CCH) 258; T.C.M. (RIA) 79063; February 27, 1979, Filed *462 Held: The substantiation and thus deductibility of various expenditures determined. Norma L. Brooks, pro se. Roger D. Osburn, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, JUDGE: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 6,770.04 for the taxable year 1973. He also determined an addition to tax under section 6653(a). [1] Subsequently, respondent determined that petitioner substantiated a number of the deductions claimed *463 and that the correct deficiency is $ 3,498.21. Respondent has also conceded the negligence penalty. This case presents two questions of substantiation: (1) whether petitioner has substantiated various business expenses claimed on Schedule C of the return in excess of the $ 8,964.16 now allowed by respondent; and (2) whether petitioner has substantiated various itemized deductions claimed on the return in excess of the $ 2,531.60 now allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, along with the exhibit attached thereto, are incorporated herein by this reference. Petitioner, Norma L. Brooks (now Davis) was a resident of Merritt Island, Florida at the time of filing her petition herein. She and her former husband, W. H. Brooks, filed a joint Federal income tax return for 1973 with the Internal Revenue Service Center, Chamblee, Georgia. During 1973, Mr. Brooks, petitioner's husband, operated a furniture and antique store, which also included a small pawn shop. Schedule C of Form 1040 filed *464 for that year is summarized below: [2]
Gross Receipts
$ 47,312.17
Less: Cost of Goods Sold
32,900.42
Gross Profit
$ 14,412.79
Deductions: (Including unspeci-
fied "Other Business Expenses"
totaling $ 11,128.09)
20,447.50
New Profit or (Loss)
($ 6,036.71)
The deductions from gross profit of $ 20,447.50 taken on Schedule C of Form 1040 in arriving at the net loss of $ 6,036.71 were as follows: [3]
Depreciation $ 500.00
Taxes
126.07
Rent
6,240.00
Repairs to building
415.00
Insurance
227.39
Commissions
194.00
Interest
903.00
Bad Debts
714.20
Other Business Expenses (Unspecified): (a) $ 394.85
(b)
2,458.74
(c)
2,096.86
(d)
2,746.89
(e)
469.99
(f)
351.22
(g)
138.71
(h)
1,013.05
(i)
(j)
1,440.85
Total Other Business Expenses
11,128.09
Total Business Expenses
$ 20,447.50
In the original statutory notice of deficiency dated March 8, 1976, respondent *465 determined that petitioner had not substantiated any of the expenses listed above and made an adjustment to disallow business deductions in the amount of $ 20,449.50. As a result of this adjustment, a claimed loss of $ 6,036.71 for the year 1973 was changed to a net profit of $ 14,412.79. Subsequently, a 90-day supplemental report was issued determining that petitioner had substantiated business expenses in the amount of $ 8,964.16. The amounts determined to have been substantiated are as follows: Business Expenses: Taxes $ 26.07
Rent
6,240.00
Interest
429.93
Utilities (Not specifically
listed in claimed expenses)
1,967.25
Medical (Not specifically
listed in claimed expenses)
30.91
Total Business Expenses
Substantiated
$ 8,694.16
Although the items listed total $ 8,694.16, a transpositional error was made and the supplemental report allowed expenses of $ 8,964.16. Respondent has conceded the total amount allowed in the supplemental report. As a result of the determination that $ 8,964.16 in business expenses are allowable, respondent has now determined that the claimed expenses which are unallowable because of lack of substantiation total *466 $ 11,485.34 ($ 20,449.50 less $ 8,964.16) and that the net profit for 1973 was $ 5,448.63 ($ 14,412.79 less $ 8,964.16). During 1973, the following itemized deductions were claimed on Schedule A of the return: Medical and Dental Expenses $ 522.00
Taxes
1,055.12
Interest
2,661.32
Contributions
133.50
Casualty or Theft Loss
785.00
Miscellaneous
774.10
Total
$ 5,931.04
The statutory notice of deficiency dated March 8, 1976, similarly determined that none of the claimed itemized deductions were allowable, also because of lack of substantiation. Petitioner, therefore, was allowed a standard deduction of $ 2,000. In the supplemental report dated May 12, 1976, respondent determined that petitioner had substantiated itemized deductions in the amount of $ 2,531.60. Thus, the net disallowance is now $ 3,399.44 ($ 5,931.04 less $ 2,531.60). The amounts of itemized deductions determined to have been substantiated are as follows: Itemized Deduction: Medical and Dental $ 94.39
Taxes
514.50
Interest
1,896.71
Contributions
26.00
Casualty or Theft Loss
0
Miscellaneous
0
Total Itemized Deductions
2,531.60
The business kept adequate *467 records of each day's transactions. Matthew Weinstein, a friend of the Brooks', not only helped in organizing the records but also kept the daily records of the business, and even ran the store on occasions when Mr. Brooks was away. These records were lost when petitioner's business defaulted on certain obligations and the lending bank took possession of the business premises, at which time the records were inadvertently hauled to a dump and destroyed. Petitioner made a diligent effort to attempt to reconstruct the records by obtaining documents from the payees of the various expenses in an attempt to substantiate the expenses deducted. However, she was only moderately successful in this task because most of the payees did not keep records back that far. Petitioner did not actually have anything to do with the business. She was only in the store a few times, having other full-time employment. She did not even have a key to the business premises. ULTIMATE FINDINGS OF FACT We find that petitioner has substantiated additional deductions in the following amounts: [4]
*468 Depreciation
$ 500.00
Taxes
100.00
Insurance
227.39
Interest
473.07
Bad debts
714.20
Repairs to building
415.00
Advertising (telephone book)
1,200.00
Telephone bill
1,200.00
Gasoline
1,500.00
Labor
2,500.00
Truck repairs
1,000.00
Security
300.00
Theft loss
885.00
OPINION Respondent contends that petitioner has not substantiated any expenses in excess of those allowed by respondent. The only evidence which petitioner introduced at trial was the testimony of herself, her daughter, Sherry Brooks, and a friend, Matthew Weinstein, a retired businessman who helped out with the bookkeeping of the business. We were impressed with the credibility of all three, credibility which was in our view aided by the fact that to the extent petitioner was able to substantiate the deductions as claimed on the return, such substantiation was consistent with those figures as reported. Also important was the specificity of the testimony given. The records were lost through no fault of petitioner. Apparently, when the bank foreclosed on the business and took possession of the premises, it inadvertently hauled the business records to a dump where they were *469 destroyed before petitioner was able to make an effort to recover them. Nevertheless, petitioner was able to substantiate, through other sources (often records of the expense payees), approximately two-fifths of the deductions which respondent disallowed. The task now before us is to weigh the various testimonial evidence for purposes of substantiating the remainder of the deductions claimed. Cf. Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930) and section 1.162-17(d)(3), Income Tax Regs.
It is clear that business records were maintained, and, to the extent the expenditures have been verified, they appear to have been accurate. Mr. Weinstein, who helped Mr. Brooks run the business on occasion, organized the records and did the bookkeeping, testified in reasonable detail and had a thorough knowledge of the business operation. In addition to testifying that the business had sales of about $ 1,000 per week, he stated that the telephone advertising bill ran approximately $ 100 per month, along with a telephone bill in a like amount. He further testified that the business spent about $ 30 per week for gas, between $ 50 and $ 60 per *470 week for labor, $ 25 a month for a security guard and in excess of $ 1,000 annually for truck repairs. Both he and Sherry Brooks testified as to the theft loss of $ 885 from the pawn shop (which was claimed as an itemized deduction). Mr. Weinstein also testified that the business consistantly operated at a loss. This, of course, would tend to be supported by the bank's foreclosure on the business which would in turn indicate deductions in an amount approximating, or in excess of, revenues. In fact, it strains the senses to believe that, given the magnitude of petitioner's business, it could have had a profit of $ 5,448.63 as would be the case under respondent's computation and yet be in such a financial situation as to necessitate the bank's taking possession. While we are aware that it is possible for a business to run at a profit and yet be unable to service its debt obligation, we are skeptical that the profit as calculated by respondent would not service the obligations of the business herein. We believe the circumstances evidence business expenses in excess of those now allowed by respondent. It cannot be disputed that *471 petitioner has the burden of establishing the amount of allowable deduction. Gino v. Commissioner,60 T.C. 304 (1973), revd. on another issue 538 F.2d 833 (9th Cir. 1976), cert. denied 429 U.S. 979 (1976); Rule 142(a), Tax Court Rules of Practice and Procedure. Unfortunately, petitioner, who was without the aid of counsel, was unable to present evidence as to each item respondent continues to dispute. As to those business expenses on which petitioner presented no evidence and which were not specifically identified on the return, and as to those itemized deductions in support of which petitioner introduced no evidence, we feel we have no recourse but to uphold respondent's determination. As to those deductions in support of which petitioner presented some evidence or as to those business expenses which were specifically set out in the return, we do not feel so constrained. With respect to the business deductions identified on the return, we believe petitioner has proved the destroyed records would have substantiated them. Thus, they should be allowed in full. As to the "other deductions' and the theft loss in support of which testimony *472 was presented, with the exception of the theft loss, Mr. Weinstein could not recall with absolute precision the specific amount of each expenditure disallowed. However, the testimony presented was reasonably specific as to those items of expense which he did recall. Therefore, based on that testimony, see Ferrer v. Commissioner,50 T.C. 177 (1968), affd. 409 F.2d 1359 (2nd Cir. 1969) and Cohan v. Commissioner,supra, and our finding that petitioner maintained adequate records of the Schedule C deductions claimed on her return, we find she has proved additional deductions in the total amount of $ 11,014.66. [5]
Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. Some of the amounts shown on the summary are not correct mathematically but are the amounts as shown on the return.↩
3. Some of the amounts shown on the summary are not correct mathematically but are the amounts as shown on the return.↩
4. The testimonial evidence was such as to substantiate a labor expenditure of $ 2,500. On Schedule C of the return, a deduction of $ 194 was claimed specifically for commissions. Because we cannot determine whether the testimonial evidence with respect to labor expenditures encompassed the claimed commission expense, we allow only the labor expenditure as a deduction.↩
5. Included in this figure is the total amount of the theft loss ( $ 885) which was claimed as an itemized deduction on petitioner's return. However, because loss was incurred in the business, it is not subject to the limitation of section 165(c)(3) and should, therefore, be allowed in full.↩