B. C. COLE AND KAREN V. COLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cole v. Commissioner
Docket No. 22497-80.
United States Tax Court
T.C. Memo 1983-88; 1983 Tax Ct. Memo LEXIS 706; 45 T.C.M. (CCH) 730; T.C.M. (RIA) 83088; February 8, 1983. *706 In 1977 petitioners became the managers of a retail grocery store. During that year, they took a trip to California and two trips to the San Juan Islands assertedly "to learn how to run a resort grocery store." They claimed deductions for the costs of the three trips as educational expenses. Held, the expenses incurred by petitioners were primarily of a personal nature, the business conversations being unscheduled with no definitive benefits, and therefore the expenses are not deductible by virtue of sec. 262, I.R.C. 1954. B. C. Cole and Karen V. Cole, pro se. Thomas Tomashek, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated September 11, 1980 respondent determined a deficiency of $696 in petitioners' Federal income tax for the taxable year 1977. After concessions, the issues for decision are (1) whether petitioners are entitled to deduct certain expenses incurred on a trip to California and on two trips to the San Juan Islands of Washington; (2) whether petitioners are entitled to a casualty loss deduction in excess of the amount allowed by respondent; and (3) whether petitioners are entitled to a deduction of $430 for "gloves, rain clothing [and] gas" allegedly used in petitioners' business. [1]
*708 FINDINGS OF FACT Petitioners, B. C. Cole and Karen V. Cole, resided in Shelton, Washington at the time of filing their petition in this case. They filed a joint Federal income tax return for the calendar year 1977 with the Office of the Director, Internal Revenue Service, at an unspecified location. Early in 1977 Karen V. Cole's father purchased a retail grocery store from the parents of B. C. Cole. The store was located on State Highway 3 between Bremerton and Shelton, Washington in an area called Bayshore, a resort area consisting of several groups of condominiums and cabins that were rented to a summer clientele. Petitioners assumed management of the store subsequent to its purchse. At that time, B. C. Cole was 25 years old and had no prior business experience.Consequently, petitioners believed that they lacked the skills necessary to make the store a success. During 1977 petitioners took three trips, two of which were to the San Juan Islands, one in May and one in early August. The other trip was to California in early June. The stated purpose of these trips was "to learn how to run a resort grocery store." The trips were essentially unstructured with no set *709 itineraries. Petitioners failed to conduct any preliminary research with respect to the location of comparable businesses or to arrange any meetings with other store managers. Instead, whatever information they obtained was derived from chance conversations with people they happened upon who operated similar businesses. Most of these conversations centered around such topics as inventory control, business hours, and improvements. Petitioners admit that they did not keep their "heads in a bag" on any of these trips. On the San Juan trips, they "had a couple of real nice dinners," and on the California trip, they "took the kids to Disneyland." Petitioners purportedly made a log of their California trip; however, such log was unavailable at trial due to the fact that it had been lost in the mail. On their income tax return for 1977, petitioners deducted $2,300.28 for expenses incurred for gasoline, food and housing during the three trips. They did not deduct any of the direct expenses of the Disneyland portion of the trip. In his notice of deficiency, respondent disallowed these deductions in their entirety. Respondent also determined that the deduction of $430 shown on petitioners' *710 1977 income tax return for "gloves, rain clothing [and] gas used to work" is not allowable because petitioners failed to show that these expenses were in fact paid and, if paid, that they were ordinary and necessary expenses. Finally, respondent determined that petitioners' claimed casualty loss of $725 was overstated by $50. OPINION The principal issue before us is whether petitioners are entitled to deduct the expenses that they incurred on the three trips they made during 1977. Petitioners contend that these trips were educational and were taken primarily for the purpose of learning how to run a resort area grocery store. Respondent, however, asserts that the expenses incurred on the three trips were personal in nature and therefore are not deductible under section 262. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on his trade or business. Since the statute does not directly address educational expenses as a business expense, the regulations take on an added significance. Bradley v. Commissioner,54 T.C. 216, 218 (1970). Section 1.162-5(a), Income Tax Regs. *711 , sets forth objective criteria for determining whether amounts expended for education are ordinary and necessary expenses incident to a taxpayer's trade or business. As a general rule, educational expenses are deductible if the education maintains or improves the skills required by the taxpayer in his employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of his employment relationship, status, or rate of compensation. Sec. 1.162-5(a)(1), (2), Income Tax Regs. However, a deduction is not allowable even though the education maintains or improves skills or is expressly required by an employer if such education is part of a program which will lead to qualifying the taxpayer in a new trade or business. Sec. 1.162-5(b), Income Tax Regs. Furthermore, section 1.162-5(d), Income Tax Regs., provides that travel expenses will be allowable as education deductions "only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business" (emphasis added). For this purpose, travel is *712 directly related "only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business" (emphasis added). Sec. 1.162-5(d), Income Tax Regs.
Thus, the deductibility of petitioners' travel expenditures turns on the factual question of whether the major portion of the activities in which they engaged during their three trips was of such a nature as directly to maintain or improve the skills required of them in their employment. Gino v. Commissioner,60 T.C. 304, 309 (1973), revd. on other grounds 538 F.2d 833 (9th Cir. 1976); Marlin v. Commissioner,54 T.C. 560, 565 (1970). Respondent's determination that these expenses are not deductible is presumptively correct, and the burden of disproving it rests upon petitioners. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners have failed to establish that the major portion of their three trips consisted of activities which directly maintained or improved the skills utilized in their *713 jobs as managers of a resort area grocery store. [2] While we do not doubt the testimony of B. C. Cole that petitioners occasionally talked to storeowners regarding business, we do not believe that such conversations constituted the major portion of their three trips. In this respect, petitioners have failed to introduce any tangible evidence regarding such conversations and their testimony is conspicuously lacking in detail. Furthermore, since such conversations were unscheduled, it is difficult to accept petitioners' contention that the primary purpose of the three trips in question was to maintain and improve their skills. *714 While we compliment petitioners on availing themselves of every opportunity to enhance their business, we are not persuaded that business was the primary purpose for the trips. The random conversations were products of chance rather than the results of any precenceived plan. We were cited no specific examples of how the conversations that occurred improved the operation of their store. Occasional business conversations cannot convert the costs of personal vacation trips into deductible business expenses. [3] Accordingly, we hold that the expenses incurred by petitioners on the three trips were primarily of a personal nature and therefore are not deductible by virtue of section 262. With respect to the casualty loss deduction which was adjusted by respondent and the deduction for "gloves, rain clothing [and] gas" of $430 which was disallowed in its entirety, petitioners have failed to introduce any evidence which contradicts respondent's determinations. Petitioners have the burden of proof to show that respondent's determinations are in error. Welch v. Helvering,supra;Rule *715 142(a), Tax Court Rules of Practice and Procedure. Since petitioners have failed to carry their burden of proving that they were properly entitled to the claimed deductions, respondent's determinations must be sustained. Decision will be entered under Rule 155.
Footnotes
1. At trial respondent also argued that a deduction of $489.63 claimed by petitioners for the cost of a waterbed was not properly allowable under sec. 213, I.R.C. 1954↩. However, respondent subsequently conceded on brief that petitioners could take this deduction.
2. It should be noted that it is questionable whether petitioners' travel expenses would be deductible in this case even if a major portion of the three trips consisted of activities related to their jobs as managers. Petitioners argued at trial that they lacked the skills necessary to operate profitably the grocery store in question and that the three trips were undertaken to equip them with such skills. Under sec. 1.162-5(a)(1), Income Tax Regs., educational expenditures are deductible only if they maintain or improve the skills required by the taxpayer in his employment or other trade or business. However, since B. C. Cole testified that petitioners had no prior business experience and lacked the necessary skills to perform their new jobs, the three trips would enable them to obtain new skills rather than maintain or improve existing skills. Thus, such expenditures would not be deductible under sec. 1.162-5(a)(1), Income Tax Regs.↩, since the education allegedly qualified petitioners in a new trade or business.
3. Postman v. Commissioner,T.C. Memo. 1974-145↩.