CHARLES LEWIS CARVER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carver v. Commissioner
Docket No. 17395-83.
United States Tax Court
T.C. Memo 1985-352; 1985 Tax Ct. Memo LEXIS 278; 50 T.C.M. (CCH) 444; T.C.M. (RIA) 85352; July 18, 1985. Charles Lewis Carver, pro *279 se. Eric B. Jorgensen and Roslyn Grand Taylor, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1978 and 1979 in the amounts of $1,389.23 and $718.78, respectively. Some items initially in controversy have been disposed of by agreement of the parties, leaving for our decision only (1) whether petitioner is entitled to deduct expenses of a home office in excess of the amounts determined by respondent; and (2) whether petitioner is entitled to deduct amounts as travel expenses while away from home in pursuit of a trade or business in each of the years here in issue in excess of the amounts allowed by respondent in the notice of deficiency. All of the facts have been stipulated and are found accordingly. Petitioner and his wife, Denise Carver, who is not a petitioner in this case, filed joint Federal income tax returns for the calendar years 1978 and 1979. At the time of the filing of the petition in this case, petitioner resided in Memphis, Tennessee, but at the time of trial maintained his home in Greenville, South Carolina. During the years 1978 and 1979, *280 petitioner operated a painting contracting business as a sole proprietorship. Petitioner maintained the principal office of this business in his home. During the year 1978, petitioner was away from home for 217 days in connection with his business, and during the year 1979 was away from home for 129 days in connection with his business. On his Federal income tax return for the calendar years 1978 and 1979, petitioner deducted $4,150 and $4,350, respectively, as representing the fair rental value of the portion of his residence used for business purposes. On his 1978 and 1979 returns petitioner deducted $5,805 and $2,646, respectively, for the cost of meals while on a job away from his tax home. Petitioner maintained no records showing the actual cost of his expenses for meals during 1978 and 1979. Respondent in his notice of deficiency disallowed the deduction claimed by petitioner as the fair rental value of the portion of his residence used for business purposes but determined that petitioner was entitled to an office-in-home expense deduction of $2,637 and $2,694 for 1978 and 1979, respectively, based on the expenses for interest, taxes, utilities and insurance paid by petitioner *281 during the years in issue and a business percentage usage of the residence of 33 percent plus an allowance for depreciation in each year. Respondent disallowed a portion of the expenses claimed by petitioner to be the cost of meals while away from home. Respondent instead allowed petitioner a deduction of $12 per day for each day respondent determined he was away from home during each of the years here in issue. Section 280A(c)(1)(A) [1] excepts from the provision that a taxpayer is entitled to no deduction otherwise allowable with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as his residence, items allocable to a portion of the residence used by the taxpayer as the principal place of a trade or business. Respondent in this case does not question the right of petitioner to a deduction for the expenses of the office maintained in his home since that office is recognized to be petitioner's principal place of business. It is respondent's position that the deduction allowable as a business expense in the cost to petitioner of maintaining this office and not the fair rental value of the spece used for business purposes. Therefore the issue *282 here is whether petitioner is entitled to compute the deduction for his home office expenses by using the fair rental value of the space used for business purposes or is limited to the pro rata portion of the expenses of maintaining his home allocable to the portion of the home used for business purposes. This Court has long recognized that where a taxpayer has made a claim for a deduction for a home office, that taxpayer has the burden of proving the amount of expenses incurred for maintaining the residence in which the office is located and the portion of those expenses that are properly applicable to business use. See Gino v. Commissioner,60 T.C. 304, 313-314 (1973), revd. on other grounds 538 F.2d 833 (9th Cir. 1976). [2] Petitioner in this case has made no showing of any error in respondent's determination of the expenses connected with maintaining his residence during the years here in issue or the percentage of that residence used for business purposes. We therefore sustain respondent's *283 determination of the proper deduction by petitioner in the year here in issue as home office expenses. Petitioner maintained no records whatsoever of his traveling expenses. His argument is that he claimed no more than $38.44 a day for meals and lodging on the days he was away from home. He argues that since the instructions with the return state that an employee who has made a satisfactory accounting for expenses to his employer may deduct up to $44 a day of traveling expenses, he should be allowed his claimed deduction. The portion of the statement petitioner specifically relies on is the following: If you claim a deduction for business expenses, you should attach Form 2106. Show the total of all amounts received from or charged to your employer *284 and the nature of your occupation. Also show the amount of your business expenses broken down into broad subjects. Even if you do not claim a deduction for your business expenses, you must attach the above information to your return unless you were required to, and did make a satisfactory accounting to your employer. You are considered to have made a satisfactory accounting if: (a) You received either a daily allowance of no more than $44, instead of actual living expenses, or the maximum per diem rate authorized to be paid by the Federal Government in the locality in which the travel is performed * * *. Petitioner, however, was not an employee and therefore he made no accounting of any type to an employer, nor was he made an allowance for expenses by an employer. Whether under different circumstances the statement contained in the instructions to the return would be justification for a taxpayer's failure to keep records, we need not decide. Petitioner owned and operated his own business and was required by section 274(d) to keep appropriate records. That section provides that no deduction shall be allowed under sections 162 or 212 of any traveling expenses, including *285 meals and lodging, while away from home unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of such expenses. Section 1.274-5(c)(2)(i), Income Tax Regs., sets forth the requirement that a taxpayer shall maintain an account book, diary and documentary evidence which, in combination, are sufficient to establish each element of an expenditure with respect to expenses for meals and lodging when away from home. This regulation has been upheld as a reasonable interpretation of the statute. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Here, petitioner kept no records and therefore is not entitled to any deduction in excess of the deduction allowed by respondent. [3] We therefore sustain respondent's disallowance of petitioner's claimed travel expenses in excess of the $12 per day he allowed for meals in the notice of deficiency.
*286 Because of items disposed of by agreement of the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. See also Bagnol v. Commissioner,T.C.Memo. 1978-240, 37 T.C.M. 1038, 1041, 47 P-H Memo T.C. par.78,240, at 78-1032 (1978), in which, after citing Gino v. Commissioner,60 T.C. 304 (1973), revd. on other grounds 538 F.2d 833↩ (9th Cir. 1976), we stated: "Proof of the fair rental value of his home not representing an out-of-pocket expense, is inappropriate and will be disregarded."
3. In Reynolds v. Commissioner,T.C.Memo. 1979-190, we stated with respect to a claim similar to that of petitioner in this case, where respondent had made a determination of a meal allowance to a taxpayer, that we had no choice but to accept the allowance per day for meal expenses made by respondent in his determination, citing in support of the statement section 1.274-5(c)(1) and (2)(ii), Income Tax Regs.↩