ALICE PAULINE BROWNE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4466–77.    Filed January 22, 1980.

Alice Pauline Browne, pro se.
*M. Celeste Pickron,* for the respondent.

IRWIN, *Judge:* Respondent determined a deficiency of $1,253 in petitioner's 1975 Federal income tax. Due to adjustments agreed to by the parties, the only issues presented are as follows:

(1) Whether expenses in the amount of $3,577 paid by petitioner during 1975 for an education in obtaining a bachelor's degree, with a major in accounting, are allowable deductions under section 162;[1]

(2) Whether petitioner should be allowed to deduct under section 162 a portion of her rent as a home office expense in excess of the amount allowed by respondent;

(3) Whether a loss claimed from petitioner's business should

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.

be decreased for failure to prove certain expenses were ordinary and necessary, for a lack of adequate records to substantiate other expenses, and for failure to include in gross income all of the gross receipts; and

(4) Whether petitioner was entitled to a trial by jury before this Court.

## FINDINGS OF FACT

Some of the facts have been stipulated. These facts, together with the exhibit attached thereto, are incorporated herein by this reference.

Petitioner Alice Pauline Brown filed her Federal income tax return for the taxable year 1975 with the Internal Revenue Service Center, Chamblee, Ga. Petitioner resided in Miami, Fla., at the time she filed her petition with this Court.

Since 1937, petitioner has at various times been employed as a bookkeeper and tax return preparer. Petitioner began trying to get her college degree in accounting in 1955 in order to obtain a higher paying job. She attended night divisions at two universities, with her efforts culminating in the receipt of a bachelor's degree in business administration, with a major in accounting, from the University of Miami in December of 1975. On her return, petitioner claimed an educational expense deduction in the amount of $3,577[2] for expenses incurred in connection with the receipt of her bachelor's degree.

During 1975, petitioner was employed full time as a medical transcriber. Additionally, petitioner was self-employed, rendering services related to craft work, painting, medical and legal transcribing, and tax return preparation.

During 1975, petitioner and her mother occupied a one-bedroom apartment. Of the total area of the apartment, the parties have stipulated that one-half of the space was used as an office by petitioner for business related to her self-employment status. She claimed a home office deduction attributable to rent

---

[2]This $3,577 was determined as follows:

| | |
|---|---|
| Tuition | $2,700 |
| Books and supplies | 563 |
| Transportation | 314 |
| | 3,577 |

in the amount of $930. This amount represents one-half of the annual rent paid by petitioner for her one-bedroom apartment.[3]

On Schedule C of her return, petitioner deducted, and respondent allowed, the following amounts attributable to medical and legal transcribing and tax return preparation.[4]

| Item | Amount claimed by petitioner | Amount allowed by respondent |
|---|---|---|
| Cost of goods sold | $530 | $151 |
| Advertising printing | 70 | 0 |
| Postage | 125 | 0 |
| Dues and subscriptions | 315 | 100 |
| Freight | 50 | 0 |
| Dictionaries | 100 | 12 |
| Miscellaneous | 150 | 0 |
|  | 1,340 | 263 |

The taxpayer provided no documentation to the examining agent that the amounts claimed were actually paid.

In the notice of deficiency, respondent disallowed the $3,577 claimed for educational expenses on the ground that this expense was incurred to meet the minimal educational requirement of being employed as a certified public accountant or alternatively that such education was part of a course of study leading to qualification for a new trade or business. Respondent also denied $683 of the home office expense deducted by petitioner contending that an expense allocation on the basis of time of actual use of the space as an office is required. Respondent disallowed $1,077 of the amount claimed by petitioner on Schedule C because she failed to furnish any receipts or other documentation in support of the claimed deductions and did not prove that the expenses were ordinary and necessary for carrying on petitioner's business. Finally, based on a notebook entry by petitioner, respondent asserted that petitioner received $70 more in gross receipts from her trade or business in 1975 than was reported on her 1975 Federal income tax return.

---

[3] Petitioner's annual rent for 1975 was $1,980. No reason appears in the record as to why petitioner deducted $930 in lieu of $990.

[4] Petitioner's rental expense deducted on Schedule C has been addressed separately. Petitioner also deducted $841 in travel expenses which the parties, after accounting for a $30 reimbursement, have agreed should be allowed as a charitable contribution to the extent of $811.

## OPINION

The first issue is whether the petitioner may deduct, under section 162(a), educational expenses in pursuit of a bachelor's degree with a major in accounting.

Section 1.162–5(a), Income Tax Regs., upon which petitioner relies, provides in part as follows:

(a) *General rule.* Expenditures made by an individual for education (including research undertaken as part of his educational program) * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business.

However, this general rule does not apply if the expenditures fall within either of two specified categories. Educational expenses which are incurred to meet the minimum educational requirement for qualification in a taxpayer's trade or business or which qualify the taxpayer for a new trade or business are nondeductible expenditures. Sec. 1.162–5(b), Income Tax Regs. Respondent contends that petitioner's expense falls within both of these categories, and we agree.

The State of Florida, which was petitioner's State of residence when she attended the University of Miami, required a bachelor's degree with a major in accounting before one could qualify to take the examination leading to a license in certified public accounting. Fla. Stat. Ann. sec. 473.08–1(e) (as effective prior to July 1, 1978).

In applying section 1.162–5(b), Income Tax Regs., this Court has analyzed the tasks of various occupations to determine whether a given taxpayer has qualified himself for a new trade or business. If the education qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform prior to the education, then the education qualifies him or her for a new trade or business. *Diaz v. Commissioner,* 70 T.C. 1067, 1074 (1978); *Glenn v. Commissioner,* 62 T.C. 270, 275 (1974). In *Glenn,* the taxpayer attempted to deduct the costs of a review course for a C.P.A. examination. This Court, in emphasizing the importance of certification, held that the differences in potential scope of practice between a public accountant and a C.P.A. are significant. Thus, expenditures to meet qualification requirements for a C.P.A. certificate were not deductible.

Petitioner's main contention is that she undertook course work

at college principally to increase her salary as an accountant and improve her skills. She argues that she may take the C.P.A. examination at some future date, but this was not her main goal in acquiring her degree. Yet, the regulations specify that educational expenditures which lead the taxpayer to qualification in a new trade or business are not deductible even though the education may maintain or improve skills required in his employment. Sec. 1.162–5(b)(1), Income Tax Regs. Petitioner's intent to take the C.P.A. examination is not determinative. An objective test governs the deductibility of educational expenses. In *Bodley v. Commissioner*, 56 T.C. 1357 (1971), the taxpayer, an electronics teacher, attempted to deduct the costs of a law school education. Despite the taxpayer's insistence that he did not intend to leave the teaching profession, this Court disallowed the deduction.

Accordingly, petitioner's expenditures were for education which led to her qualification in a new trade or business and are therefore nondeductible personal expenses under section 262. However, even assuming that the education did not lead to qualification in a new trade or business as a C.P.A., the educational expenditures are nondeductible because they were incurred to enable petitioner to meet the minimum educational requirements for qualification as an accountant.

During 1975 petitioner, in addition to her full-time employment as a medical transcriber, was self-employed as a tax return preparer. In prior years, she held various bookkeeping positions. Petitioner contends that she has been a self-employed accountant for many years. Section 1.162–5(b)(2)(i), Income Tax Regs., states, in pertinent part, that "The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment." We believe that tax return preparation and the performance of bookkeeping services alone do not establish that petitioner has satisfied the minimal educational requirements for qualification as an accountant.

We hold that a degree in accounting is a minimal educational requirement in becoming an accountant. Petitioner, herself, points to numerous employment advertisements which emphasize the significant difference between an accountant's and a bookkeeper's salary. She readily admits that she needed an

accounting degree to qualify for a higher paying job. It therefore appears that potential employers generally view a bachelor's degree in accounting as a minimal requirement for an accountant's position.

The second issue presented in this case concerns the portion of petitioner's rent which may be properly deducted as a home office expense. Petitioner argues that since one-half of the space in her apartment was used as a home office, one-half of the rent is deductible. Respondent, relying on Rev. Rul. 62–180, 1962–2 C.B. 52, contends that it is necessary to allocate the rent expense on the basis of space used for business and on the basis of time actually so used. Accordingly, after allocating 6 hours of each day to business related use, respondent allowed only one-eighth of the total rent expense.

We believe, as respondent urges, that petitioner must prove not only what part of the residence was used for business purposes but also the portion of time it was so used. *Gino v. Commissioner*, 60 T.C. 304 (1973), revd. 538 F.2d 833 (9th Cir. 1976), cert. denied 429 U.S. 979 (1976). However, we disagree with respondent's application of this rule. In *International Artists, Ltd. v. Commissioner*, 55 T.C. 94 (1970), this Court addressed the issue of allocation of maintenance and depreciation expenses of a large house in Los Angeles between personal and business uses. The taxpayer lived in the house and conducted some of his business there as well. The house was left unattended for long periods while the taxpayer was away from his home in Los Angeles. Respondent contended that the proper allocation should be determined by comparing the days of business use of the premises with the total number of days *available* for both business and personal use. This Court, however, determined that the applicable fraction was the total time used for business divided by the time the space was *actually* used for all purposes. Similarly, in our opinion in *Gino*, where the taxpayer combined personal and business use in his home office, this Court rejected respondent's contention that we apply the ratio of hours of business use to hours in the day. After considering the Ninth Circuit's position in *Gino*, that the taxpayer must apply the ratio

of daily hours of use over 24 hours, we continue to adhere to our position in that case.[5]

In the instant case, petitioner was employed outside her home 40 hours a week during 1975. Additionally, petitioner was a night student at the University of Miami during 1975. Considering these and other facts, we hold that one-half of the time that the apartment was in use should be allocated to the business uses of the petitioner. The parties stipulated that one-half of the space in petitioner's apartment was used as an office[6] and accordingly, one-fourth of petitioner's rental expenditure is deductible as a home office expense.

The next issue concerns the loss claimed by petitioner attributable to self-employment.[7] Respondent disallowed $1,077 of claimed expenses relating to cost of goods sold, advertising, postage, and other expenditures on the grounds that petitioner did not properly substantiate these costs, and that petitioner failed to prove that certain expenses were ordinary and necessary in carrying on her trade or business.

Petitioner presented no documentation indicating the exact nature and amount of claimed expenditures. It appears from the record that certain expenses were nondeductible personal expenses. However, based on petitioner's own testimony, we are persuaded that she did incur deductible expenses for the items noted above. Accordingly, we must decide the amount which petitioner is entitled to deduct. Bearing heavily upon the taxpayer whose inexactitude is of her own making (*Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930)), we find petitioner is entitled to a total deduction of $425 in 1975.

Respondent determined, based on a notebook maintained by petitioner, that petitioner received $70 more in gross receipts from her trade or business during 1975 than was reported on her 1975 Federal income tax return. The taxpayer must rebut a presumption that the respondent's determination is correct. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142, Tax Court

---

[5]It is noteworthy that the respondent has acquiesced in *International Artists, Ltd*, acquiesced 1971–2 C.B. 3, and has issued a nonacquiescence to our opinion in *Gino*, nonacquiesced 1978–2 C.B. 3.

[6]The parties have apparently erred in stipulating that one-half of the area was used *exclusively* as an office. It is clear from the testimonial evidence adduced at trial, and the briefs of both parties, that such a stipulation was not intended, and we, therefore, have disregarded it. See *Seatree v. Commissioner*, 25 B.T.A. 396 (1932).

[7]Petitioner's claimed rental expense has been dealt with as a separate issue. The parties have reached an agreement as to travel expenses claimed by petitioner.

Rules of Practice and Procedure. Petitioner offered no evidence to rebut respondent's determination and accordingly, the determination is sustained.

The last issue in this case involves petitioner's contention that she was entitled, under the Seventh Amendment, to have a trial by jury in this Court. There is no right to a jury trial in the Tax Court and the denial thereof does not violate the Seventh Amendment. *Wickwire v. Reinecke*, 275 U.S. 101 (1927); *Swanson v. Commissioner*, 65 T.C. 1180 (1976).

*Decision will be entered under Rule 155.*

Reviewed by the Court.
QUEALY, *J.*, dissents.

HALL, *J.*, concurring: In Rev. Rul. 62–180, 1962–2 C.B. 52, the respondent asserted that the deductible portion of qualifying home office expenses would be determined not by comparing the period of business use to the period of total use, but by comparing the daily hours of business use to the total hours in the day. By this reckoning, for example, it would appear that a taxpayer who used a portion of his home exclusively for business on an 8-hour-a-day basis, e.g., a physician who maintained a regular office there, would be permitted to deduct only one-third of his expenses, on the theory that the space was "available for all uses" the 16 hours it was unused. We had little hesitation in rejecting this test in *Gino v. Commissioner*, 60 T.C. 304 (1973). In other contexts, such as in dealing with a detached office structure in which some minor amount of personal business will inevitably be transacted, respondent does not arbitrarily allocate periods of inactivity of a dual-use facility to personal use. While there were, of course, hurdles which had to be overcome before home office expenses would have been deductible at all, even prior to the enactment of section 280A, once those hurdles are overcome, we perceive no statutory warrant for applying a more severe proration test for qualifying home office expenses than for the expenses of any other dual-use facility. Cf. sec. 1.274–2(e)(4), Income Tax Regs.

The opinion of the Court of Appeals for the Ninth Circuit reversing us in *Gino*, 538 F.2d 833 (9th Cir. 1976), appears based,

not so much upon the perceived inherent merits of Rev. Rul. 62–180, as upon considerations of administrative deference to the Commissioner's view "particularly in a close case." Under section 7805(a), Congress has provided that "the Secretary shall prescribe all needful rules and regulations for the enforcement of this title." The Court of Appeals in *Gino* relied on language in *United States v. Correll*, 389 U.S. 299, 307 (1967), which focused on this delegation and which said: "The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner." However, section 7805(a) is not apposite here. We deal with a revenue ruling, and one devoid of the congressional reenactment which lent added dignity to the ruling at issue in *Correll*. We do not have before us a regulation. Rev. Rul. 62–180 did not represent an exercise of the Secretary's power under section 7805(a). Under section 301.7805–1(a), Proced. & Admin. Regs., "all needful rules and regulations" are to be issued by the Commissioner, *"with the approval of the Secretary."* (Emphasis supplied.) Treasury regulations are so issued, but revenue rulings such as Rev. Rul. 62–180 are issued by the Commissioner alone. They represent the views of the National Office of the Internal Revenue Service. Rev. Proc. 78–24, 1978–2 C.B. 503, 504. They are not normally officially approved by the Secretary, unlike regulations, and do not therefore purport to constitute the exercise of the mandate to issue "needful rules and regulations" with such approval. To the contrary, as we have frequently held, revenue rulings, unlike regulations, essentially represent the position of one of the parties before us. *Estate of Lang v. Commissioner*, 64 T.C. 404, 407 (1975); *Stubbs, Overbeck & Associates v. United States*, 445 F.2d 1142, 1146–1147 (5th Cir. 1971); *Anders v. Commissioner*, 48 T.C. 815, 821 (1967), revd. on other grounds 414 F.2d 1283 (10th Cir. 1969), cert. denied 396 U.S. 958 (1969). Hence, even if this is "particularly in a close case," which may be debatable, we see no warrant for upholding the respondent merely because he has announced his position in a revenue ruling. Since appeal of this decision will not lie to the Ninth Circuit, we therefore respectfully adhere to our original position in *Gino*.

SCOTT, FAY, DAWSON, TANNENWALD, STERRETT, WILES, WILBUR, and CHABOT, *JJ.*, agree with this concurring opinion.