DAVID T. GRUMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gruman v. Commissioner
Docket No. 17376-79.
United States Tax Court
T.C. Memo 1982-388; 1982 Tax Ct. Memo LEXIS 355; 44 T.C.M. (CCH) 420; T.C.M. (RIA) 82388; July 13, 1982. Richard S. Kestenbaum and Morton I. Cohen, for the petitioner. John E. Becker, Jr., for the respondent. NIMS
NIMS, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1977 of $5,136. Concessions having been made by the parties, the sole issue for decision is whether petitioner's expenditure of $9,159.47 in 1977 for a pilot training course is a deductible educational expense under section 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference. *356 Petitioner's legal address at the time of the filing of the petition in this case was Glen Ellen, California. Petitioner logged over 5,000 hours of flying time while a member of the United States Air Force, over a 12-year period which ended in October, 1966. Petitioner obtained his commercial pilot certificate with an instrument rating during 1955, and in October, 1966, commenced employment with American Airlines (a common carrier by air during the taxable year 1977). Petitioner was licensed to act as a co-pilot when he began working for American Airlines, but due to a lack of seniority, he began work as a flight engineer. In 1975, petitioner was first selected to act as a co-pilot on several flights. During both 1975 and 1976, petitioner served either as flight engineer or co-pilot on Boeing 707 aircraft. He did not fly full-time as a co-pilot because of company cutbacks and his seniority position.
A co-pilot is a pilot who is second in command of the aircraft and whose duty is to assist and relieve the "first pilot" or "pilot in command" while underway during both routine and emergency situations. A co-pilot is responsible for flying the airplane at any time the pilot *357 in command leaves his seat. A co-pilot at times performs takeoffs, departures, climbing to altitude, approaches and landings. In 1977, the Federal Aviation Administration (FAA) required a co-pilot of a common carrier, such as American Airlines, to be fully capable of acting as a pilot in command of the aircraft. For this purpose a commercial pilot certificate with an instrument rating was sufficient. The FAA also required that a pilot in command of a common carrier possess an airline transport pilot certificate (ATP certificate) with an appropriate rating for the particular aircraft involved (e.g., Boeing 707). The holder of a commercial pilot certificate with an instrument rating could, however, act as pilot in command of an aircraft for compensation or hire which was not operated by a common carrier and which was not a large aircraft. Due to the long stretches in time between petitioner's co-pilot assignments, in 1977, petitioner felt that his piloting skills were deteriorating and needed improvement. Petitioner therefore took several courses to improve his proficiency and upgrade his skill levels that year. One of these courses was given by National Jet Industries. *358 The National Jet Industries course was a ground and flight course of instruction on a Cessna Citation, which, after petitioner passed the appropriate examinations, the FAA accepted to meet the requirements for an ATP certificate for a Cessna Citation. The course did not qualify petitioner for an ATP certificate for a Boeing 707 or any other aircraft flown by American Airlines. The Cessna Citation is an eight-passenger, small, twin-engine, turbo-jet aircraft that is used mainly as a corporate jet. From 1977 through the time of trial, no common carrier flew the Cessna Citation. Petitioner could have been a pilot in command of a Cessna Citation operated for compensation or hire (but not operated by a common carrier) merely with his commercial pilot certificate and instrument rating. The National Jet Industries course maintained or improved the skills of petitioner in his job as a co-pilot of Boeing 707s. In his statutory notice of deficiency, respondent disallowed petitioner's deduction of $9,159.47 as an educational expense attributable to the National Jet Industries course. OPINION Respondent argues that the cost of the National Jet Industries course taken by petitioner *359 was not a deductible education expense because the course qualified petitioner for a new trade or business -- i.e., pilot. Petitioner, on the other hand, argues 1) that a pilot and co-pilot are not separate trades or businesses, and 2) that in any case, the course only qualified petitioner to be a pilot of a Cessna Citation, not a Boeing 707, and the ATP certificate was, as a practical matter, superfluous even for a Cessna Citation. Section 162(a) allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Section 1.162-5(a), Income Tax Regs., permits the deduction of education expenses as business expenses if the education was undertaken to meet the express requirements of the taxpayer's employer or if it maintained or improved the skills required by the taxpayer in his employment or other trade or business. In the instant case, respondent concedes that the National Jet Industries course maintained or improved petitioner's skills as a Boeing 707 co-pilot for American Airlines. However, respondent argues that the expenses of that course are still not deductible because of the requirement of section 1.162-5(b)(3)(i), Income Tax Regs., that *360 to be deductible, educational expenses may not be part of a program of study being pursued by the taxpayer which will lead to qualifying him in a new trade or business. Respondent frames the issue as "whether being qualified as a co-pilot for American Airlines is a different trade or business than being qualified as the pilot-in-command of a Cessna Citation." As we recently stated in Robinson v. Commissioner,78 T.C. 550, 552 (1982), [i]f the education in question qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform prior to the education, then such education is deemed to qualify the taxpayer for a new trade or business. Browne v. Commissioner,73 T.C. 723, 726 (1980); Diaz v. Commissioner,70 T.C. 1067, 1074 (1978); Glenn v. Commissioner,62 T.C. 270, 275 (1974); Weiszman v. Commissioner,52 T.C. 1106, 1110 (1969), affd. 443 F.2d 29 (9th Cir. 1971). Our inquiry is, therefore, whether the National Jet Industries course qualified petitioner to perform significantly different tasks than he could have with a commercial pilot *361 certificate with an instrument rating. In answering this question, we take a "commonsense approach." Davis v. Commissioner,65 T.C. 1014, 1019 (1976). Initially, we note that the National Jet Industries course did not qualify petitioner to be a pilot in command of a Boeing 707 or any other plane flown by American Airlines. The ATP certificate only applied to Cessna Citations. Prior to taking the course, petitioner was qualified under applicable FAA regulations to be pilot in command of a Cessna Citation operated for compensation or hire by virtue of his commercial pilot certificate and instrument rating. After taking the course, petitioner was qualified to operate a Cessna Citation as pilot in command both for compensation or hire and for a common carrier. At first blush, then, the ATP certificate appears to have considerably enlarged petitioner's piloting abilities. However, the Cessna Citation was not flown by any common carrier in either 1977 or any subsequent year up to the time of trial. As a practical matter, therefore, petitioner's ATP certificate did not expand the scope of piloting activities open to him. Even if piloting a Cessna Citation for a *362 common carrier were a different trade or business from piloting the aircraft for compensation or hire (which we do not decide), the former trade or business simply did not exist in 1977. Common sense tells us that educational expenses are not to be disallowed on the grounds that a taxpayer's course qualified him for only a hypothetical trade or business. [2]
Accordingly, we hold petitioner's expenses connected with the National Jet Industries course are deductible. [3]
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year before the Court.↩
2. See also Mason v. Commissioner,T.C. Memo. 1982-376↩.
3. We leave to another day petitioner's alternative argument that the job of pilot and co-pilot are, in any case, the same trade or business.↩