GEORGE T. OWENS and SANDRA K. OWENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket No. 2665-74.
United States Tax Court
T.C. Memo 1983-30; 1983 Tax Ct. Memo LEXIS 759; 45 T.C.M. (CCH) 534; T.C.M. (RIA) 83030; January 17, 1983. *759 George T. Owens, pro se. A. Chris Zimmermann, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $787.24 and an addition to tax under section 6653(a) [1] of $39.36 in petitioners' 1971 Federal income tax. The issues are (1) whether petitioners failed to report "toke" income, (2) whether petitioners are liable for an addition to tax for negligence, and (3) whether petitioners are entitled to a jury trial. Petitioners, George T. and Sandra K. Owens, resided in Las Vegas, Nev., when they filed their petition herein. In his notice of deficiency, respondent determined petitioners omitted certain tip income from their 1971 gross income. In their petition, petitioners asserted money received from patrons of a gambling casino constitutes nontaxable gifts. At the call of the case, petitioner George T. Owens entered his appearance and stated he would not testify or would not present any evidence, but only that he was present in Court for the sole purpose of demanding a trial by jury. It is well settled that "tokes" are not gifts but *760 must be included in a taxpayer's gross income. Olk v. United States,536 F.2d 876 (9th Cir. 1976). The burden of proof is on petitioners to overcome the presumption of correctness that attaches to respondent's determination. Welch v. Helvering,290 U.S. 111 (1933). As petitioners refused to testify or submit any evidence, respondent's determination must be sustained. [2] The burden of proof is also on petitioners to show any part of the underpayment was not due to negligence; thus, we also sustain the addition to tax under section 6653(a). Enoch v. Commissioner,57 T.C. 781 (1972). [3]
With respect to petitioners' only argument, it is beyond question that there is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Wickwire v. Reinecke,275 U.S. 101 (1927); Browne v. Commissioner,73 T.C. 723 (1980). Accordingly, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. See Malone v. Commissioner,T.C. Memo. 1982-325↩. 3. See Williams v. Commissioner,T.C. Memo. 1980-494↩.