JOHN R. RANDOLPH and PAULA A. RANDOLPH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randolph v. Commissioner
Docket No. 692-75.
United States Tax Court
T.C. Memo 1983-84; 1983 Tax Ct. Memo LEXIS 703; 45 T.C.M. (CCH) 721; T.C.M. (RIA) 83084; February 8, 1983. *703 John R. Randolph, pro se. A. Chris Zimmermann, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $1,032.76 and an addition to tax under section 6653(a) [1] of $51.64 in petitioners' 1972 Federal income tax. The issues are (1) whether petitioners failed to report "toke" income, (2) whether petitioners are liable for an addition to tax for negligence, and (3) whether petitioners are entitled to a jury trial. Petitioners, John R. Randolph and Paula A. Randolph, resided in Las Vegas, Nev., when they filed their petition herein.
In his notice of deficiency, respondent determined petitioners omitted certain tip income of $1,032.76 from their 1972 gross income. In their petition, petitioners asserted money received from patrons of a gambling casino constitutes nontaxable gifts. Petitioners alleged in the alternative that respondent's determination of the amount of tips received by petitioners in 1972 was "arbitrary and excessive". At the call of the case, petitioner John R. Randolph entered his appearance, requested a trial by jury, *704 and stated that he would not present any evidence in his behalf. It is well settled that "tokes" are not gifts but must be included in a taxpayer's gross income. Olk v. United States,536 F.2d 876 (9th Cir. 1976). The burden of proof is on petitioners to overcome the presumption of correctness that attaches to respondent's determination. Welch v. Helvering,290 U.S. 111 (1933). As petitioners refused to testify or submit any evidence, respondent's determination must be sustained. The burden of proof is also on petitioners to show any part of the underpayment was not due to negligence; thus, we also sustain the addition to tax under section 6653(a). Enoch v. Commissioner,57 T.C. 781 (1972). [2]
With respect to petitioner's request for a jury trial it is beyond question that there is no right to a jury trial in the Tax Court and the denial thereof does not violate the Seventh Amendment. Wickwire v. Reinecke,275 U.S. 101 (1927); Browne v. Commissioner,73 T.C. 723 (1980). Accordingly, Decision will be entered for *705 respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. See Owens v. Commissioner,T.C. Memo. 1983-30↩.