FRANK E. ROARK AND ELEANOR C. ROARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roark v. Commissioner
Docket Nos. 14222-81, 15454-82.
United States Tax Court
T.C. Memo 1983-145; 1983 Tax Ct. Memo LEXIS 640; 45 T.C.M. (CCH) 1027; T.C.M. (RIA) 83145; March 21, 1983. *640 Held: (1) Compensation for labor is taxable; (2) Federal Reserve Notes are to be taken into account at their face amount; (3) additions to tax are upheld; and (4) petitioners are not entitled to a jury trial in the Tax Court. Frank E. Roark, pro se. Benjamin A. de Luna, for the respondent. *641 CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes and additions to tax under sections 6653(a) [1] (negligence) and 6654 (underpayment of estimated tax) against petitioners as follows: Addition to Tax
Docket No.
Year
Deficiency
Sec. 6653(a)
Sec. 6654
14222-81
1977
$11,547.61
$577.38
$181.32
1978
17,355.63
867.78
351.00
15454-82
1979
[2] 30,985.00
1,549.00
These cases have been consolidated for trial, argument, and opinion. The primary issues for decision are (1) whether petitioner-husband's wages are taxable as income and (2) whether Federal Reserve Notes are to be valued at other than their face amount for purposes of determining petitioners' chapter 1 and chapter 2 tax liabilities. This case has been submitted fully stipulated; the stipulations and the stipulated exhibits *642 are incorporated herein by this reference. When the petition in Docket No. 14222-81 was filed, petitioners Frank E. Roark (hereinafter sometimes referred to as "Roark") and Eleanor C. Roark, husband and wife, resided in Casper, Wyoming; when the petition in Docket No. 15454-82 was filed, petitioners resided in North Platte, Nebraska. Roark received compensation for his services in the years in issue as indicated in table 1. Table 1 Wages
Memorial Hospital of
1977
$52,317.69
Natrona County
1978
59,704.60
1979
20,711.13
Self-employment
State of Wyoming
1978
792.72
Emergency Room Physician Group
1979
65,118.00
Petitioners calculated their income tax liabilities on the basis that, because of the relative value of gold and its use as a common denominator, a one-dollar denomination Federal Reserve Note was worth $0.25 for 1977, $0.22-2/9 for 1978, and approximately $0.1368 for 1979. On their income tax returns for these years, petitioners first determined their tax liabilities on the basis of "dollars" and then converted the liabilities from "dollars" into Federal Reserve Notes. Petitioners maintain that Roark's compensation is not subject *643 to income tax because it was received in exchange for labor of equal value and so there is no "gain". They maintain that, if Roark's compensation is taxable at all, then its value must be determined by relation to the value of "lawful money". Respondent argues that compensation for labor is taxable and that Federal Reserve Notes are taxable at their face amount. We agree with respondent. Under section 61(a)(1), [3] compensation for services, in whatever form received, is incluible in gross income. Commissioner v. Duberstein,363 U.S. 278 (1960); Reiff v. Commissioner,77 T.C. 1169, 1173 (1981). Federal Reserve Notes are to be taken into account at their face amount [4] in determining petitioners' income tax liabilities. Birkenstock v. Commissioner,646 F.2d 1185 (CA7 1981), affg. a Memorandum Opinion of this Court; [5] *644 United States v. Ware,608 F.2d 400 (CA10 1979); Hellermann v. Commissioner,77 T.C. 1361, 1365-1366 (1981). We hold for respondent as to the chapter 1 and chapter 2 tax liabilities. An addition to tax under section 6653(a) is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioners have the burden of proving error in respondent's determinations that such an addition to tax should be imposed against them. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners have failed to carry their burden of proof.
We hold for respondent on this issue. Petitioners have the burden of proving error in respondent's determination that additions to tax should be imposed under section 6654(a). Hollman v. Commissioner,38 T.C. 251, 263 (1962). *645 Petitioners have failed to introduce any evidence indicating that respondent so erred. We conclude that petitioners are liable for additions to tax under section 6654(a). We hold for respondent on this issue. On petition in Docket No. 14222-81, petitioners demand a jury trial. There is no right to a jury trial in the Tax Court and the denial thereof does not violate the Seventh Amendment. Wickwire v. Reinecke,275 U.S. 101, 105-106 (1927); Browne v. Commissioner,73 T.C. 723, 730 (1980). We hold for respondent on all the matters presented for decision. [6]
Decisions will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section and chapter references are to sections and chapters of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. Of this amount, $97.00 is self-employment tax under chapter 2; the remainder is chapter 1 income tax.↩
3. SEC. 61. GROSS INCOME DEFINED. (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items;↩
4. No issue has been presented that the Federal Reserve Notes received by petitioners in any of the years in issue had a value other than their face amount because of some special characteristic, such as numismatic value. See Hellermann v. Commissioner,77 T.C. 1361, 1366↩, n. 10 (1981). 5. T.C. Memo. 1979-201↩.
6. Petitioners, who do not dispute that Roark received almost $200,000 in compensation over the three years in issue, did not report any dividends, interest, or other income, nor did they itemize any deductions. Although the absence of other income and of excess itemized deductions (sec. 63(c)) in each of these years may be thought extraordinary in light of this level of compensation, each side seems to be willing to let these particular sleeping dogs lie. As to these matters, we leave the parties as we find them.↩