RICHARD KEEHN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keehn v. Commissioner
Docket No. 9035-82
United States Tax Court
T.C. Memo 1983-511; 1983 Tax Ct. Memo LEXIS 283; 46 T.C.M. (CCH) 1181; T.C.M. (RIA) 83511; August 22, 1983. *283 Held: Respondent's motion to dismiss under Rule 149(b), Rules of Practice and Procedure, United States Tax Court, for failure to produce evidence, granted. Richard Keehn, pro se Mark H. Howard, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax [1]
Year
Deficiency
Sec. 6651(a)
6653(a)
6654
1979
$25,266.06
$2,416.64
$1,263.30
$241.18
1980
$30,639.04
$6,677.10
$1,531.95
$1,642.34
*284 This case is presently before the court on respondent's oral motion to dismiss under Rule 149(b) [2] for failure to produce evidence. Petitioner Richard Keehn resided in Afton, Wyoming at the time the petition was filed herein. The asserted deficiences are based on respondent's determination that petitioner failed to file valid Federal income tax returns for both years in issue, and that petitioner failed to report wages received from his employers in such years. Respondent also determined that petitioner was liable for the addition to tax for failure to timely file under section 6651(a), the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a), and the addition to tax for underpayment of estimated tax under section 6654. Petitioner has the burden of proving error in each of respondent's determinations. Rule 142(a). This case was called from the calendar for the trial session of the Court at Denver, Colorado on May 9, 1983. At the trial, petitioner refused to submit any evidence in support of any factual issue. [3] The Court informed petitioner *285 that he had the burden of proof as to all issues and that his constitutional law arguments were frivolous and previously determined against him in this Court as well as others. [4] Petitioner nevertheless persisted in his refusal to offer any evidence on the factual issues. Thereupon, respondent orally moved to dismiss for failure to present evidence under Rule 149(b). Rule 149(b) provides that the-- failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof *286 and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. Petitioner has totally failed to present any evidence to show that respondent's determinations, as to which petitioner had the burden of proof, were in error and accordingly, upon due consideration, respondent's motion to dismiss for failure to produce evidence will be granted. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The full extent of petitioner's case involved calling respondent's counsel to the witness stand and asking a series of questions that were objected to and sustained as being irrelevant. ↩
4. Petitioner claimed that the requirement that he complete and file the Form 1040 violated his Fifth Amendment right against self-incrimination and that he was entitled to a jury trial. These arguments have repeatedly been rejected. See Rowlee V. Commissioner,80 T.C. 1111 (1983); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion, 559 F.2d 1207 (3rd Cir. 1977); Browne v. Commissioner,73 T.C. 723↩ (1980).