T.C. Summary Opinion 2002-49

UNITED STATES TAX COURT

ROGER STEVEN LEWIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 538-01S.            Filed May 7, 2002.

Roger Steven Lewis, pro se.

Elaine T. Fuller, for respondent.

COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,579 in petitioner's

---

[1]   Unless otherwise indicated, section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Federal income tax and additions to tax under sections 6651(a)(1) and (2) and 6654(a) in the respective amounts of $1,030.27, $618.16, and $246.68 for the 1997 tax year.

In two written stipulations, all of the issues have been settled except the following: (1) The amount of petitioner's basis, under section 1012, in stock of General Electric Co. (GE), which petitioner sold or converted into cash during 1997; (2) whether petitioner is entitled to a deduction under section 162(a) for educational expenses; and (3) whether petitioner is liable for the additions to tax.

As noted, some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner was a legal resident of Los Angeles, California.

Petitioner did not file a Federal income tax return for 1997. He engaged in several transactions that year in which gains and losses were realized. By stipulation, the gains or losses from all but one of the transactions have been agreed to. The unagreed transaction relates to an account petitioner maintained with GE that was generally referred to as a dividend reinvestment plan. Petitioner could (and did) contribute money from time to time that was used to purchase stock in GE, and the dividends from such stock were also used to purchase additional GE stock. Under the account plan, GE issued fractional shares if

the amount of money available at any given time was not sufficient to buy whole shares. No stock certificates were issued to petitioner; however, GE regularly issued statements of the account reflecting contributions and dividends credited to the account along with the number of GE shares held. The record is not clear as to the date petitioner opened this account, except that the account was opened sometime prior to October 26, 1994.

On May 19, 1997, petitioner closed the account and elected to receive a stock certificate for 100 shares of GE. The remaining 13.3048 fractional shares were converted by petitioner into cash, for which he received $802.94 from GE. A Form 1099B, Proceeds From Broker Transactions, was issued by GE to petitioner in early 1998 reflecting this transaction in 1997. No Federal income tax was withheld by GE on this transaction.

The parties agree as to the amount realized, $802.94, and further agree that the conversion of the 13.3048 fractional shares was a taxable event. The parties disagree on the amount of petitioner's basis. Respondent, at trial, agreed that petitioner had some basis for the fractional shares in GE but declined to make a determination of an amount. Petitioner contends his basis for the fractional shares was $364.87.

Petitioner did not have a complete record of all the statements issued by GE on the account from the date the account

was opened to the date it was closed during 1997. Petitioner offered one statement from GE on the account dated October 27, 1995, for the period October 26, 1994, to October 25, 1995. That statement shows that, at the beginning of the period, petitioner had a balance of 56.6504 shares in GE. Between that date and the ending date for that statement (October 25, 1995), there were 12 transactions in the account in which dividends were paid and used to purchase fractional shares of GE, and cash payments were made to the account by petitioner, which were also used to purchase fractional shares in GE. The statement shows the cost of the stock for each of these transactions but does not state the cost of the 56.6504 shares that were in the account at the beginning date of the statement, nor the cost of the 64.2886 shares held in the account on October 25, 1995.

Of the 12 transactions listed on the statement of the account offered into evidence, petitioner highlighted 9 transactions on that statement that he contends constituted the cost or basis for the 13.3048 shares he converted into cash when he closed the account with GE on May 19, 1997.[2]

Under section 1001(a), gain from the sale or other

---

[2] Sometime after the date of the statement, GE declared a two for one stock split. The 13.3048 shares petitioner converted into cash during 1997 represented stock for which petitioner had received the benefit of the split. Therefore, in determining petitioner's basis in the transaction at issue, the Court, in relying on the account statement described, adjusted for the effect of the split.

disposition of property is the excess of the amount realized over the adjusted basis of the property. The amount realized, in this case, is not at issue; however, the basis is at issue. Generally, under section 1012, the basis of property is its cost.

Section 1.1012-1(c)(1), Income Tax Regs., provides generally that, if shares of stock in a corporation are sold or transferred by a taxpayer who purchased or acquired stock on different dates or at different prices, and the stock sold or transferred cannot be adequately identified, the stock sold or transferred is charged against the earliest of such lots purchased or acquired to determine the cost or basis of the stock and to determine the holding period. Petitioner's situation fits within this general provision. The documentation provided by petitioner shows that he had 56.6504 shares in his GE account on October 26, 1994, but the cost and dates of acquisition of these shares is not shown. However, the documentation shows that all transactions that took place in the account from October 26, 1994, until October 25, 1995, ranged in a price per share from $50.5625 to $62.9373. On the basis of section 1.1012-1(c)(1), Income Tax Regs., petitioner's basis would be determined by the cost of the 56.6504 shares he owned as of October 26, 1994. The documentation petitioner presented, as noted above, does not adequately identify the cost of these shares. On this record, the Court, in the exercise of its best judgment and discretion, based on the

record and relying to some extent on the GE account statement described, concludes that the equivalent 6.6524 shares (one-half of 13.304 shares) petitioner owned on October 26, 1994, had a basis of $50.5625 per share, the amount paid for the stock transaction of January 25, 1995. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Therefore, petitioner's basis for the 13.304 shares converted into cash on May 19, 1997, is $336.36 (6.6524 shares at $50.5625 per share). The Court so holds.

In his petition and at trial, petitioner claimed he should be allowed an itemized deduction for educational expenses under section 162(a). During 1997, petitioner attended the University of California at Los Angeles (UCLA). He graduated from UCLA with a master's degree in business administration (MBA) in June 1998. Prior to his enrollment at UCLA, petitioner was employed in the telecommunications industry. He realized, as he stated in a written statement offered in evidence, that "I needed additional accounting, financial, and general business administration skills as I was increasingly called upon to negotiate complex contracts with a wide variety of clients." The MBA degree, petitioner felt, would provide him with that expertise. At trial, petitioner agreed that the MBA degree qualified him for "a wider variety of positions", although he did not pursue such positions. The amount claimed by petitioner for his educational expenses is ambiguous. He testified that he borrowed $10,000 to finance his

MBA studies but actually spent $20,000. No evidence was offered to substantiate these amounts.

Section 162 and the regulations thereunder generally allow a deduction for ordinary and necessary business expenses, including expenses of education, which (1) maintain or improve skills required by an individual in his employment or other trade or business, or (2) meet the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. However, section 1.162-5(b), Income Tax Regs., describes certain educational expenditures that are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or may meet the express requirements of the individual's employer or of applicable law or regulations. As applicable here, such expenditures include those "made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." Sec. 1.162-5(b)(3), Income Tax Regs.

Under section 1.162-5(b)(3), Income Tax Regs., if a taxpayer is pursuing a course of educational study which qualifies the taxpayer for a new trade or business, the expenditures are not

deductible even though the studies are required by the employer, and the taxpayer does not intend to enter a new field of endeavor, or even though the taxpayer's duties are not significantly different after the education from what they had been before the education. Robinson v. Commissioner, 78 T.C. 550, 556-557 (1982); Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971); Schwerm v. Commissioner, T.C. Memo. 1986-16.

Respondent has not questioned, nor does there appear to be any doubt, that the educational expenses maintained or improved petitioner's skills in his trade or business, and that the education was not necessary to meet the minimum requirements of the position he held with his employer. The question of whether an educational expenditure qualifies a taxpayer for a new trade or business requires a "commonsense approach". Reisinger v. Commissioner, 71 T.C. 568, 574 (1979). "If the education qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform prior to the education, then the education qualifies him or her for a new trade or business." Browne v. Commissioner, 73 T.C. 723, 726 (1980) (citing Diaz v. Commissioner, 70 T.C. 1067, 1074 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979)); Glenn v. Commissioner, 62 T.C. 270, 275 (1974).

Thus, even if a taxpayer does not intend to enter into a new field of endeavor, or even if the taxpayer's duties are not

significantly different after the education from what they were before, the expenditures are not deductible if the education qualifies the taxpayer for a new trade or business. The record does not support a holding that petitioner is entitled to a deduction for educational expenses for 1997. The Court holds for respondent on this issue.

Section 6651(a)(1) provides an addition to tax for the failure to file a return. Section 6651(a)(2) provides an addition to tax for the failure to pay the tax shown or required to be shown on a return. Section 6654(a) provides an addition to tax for the failure to pay estimated taxes.

Petitioner did not file an income tax return for 1997. He made no payments of his estimated tax for 1997 and offered no evidence to show that any tax was withheld on any income earned by petitioner during 1997. At trial, petitioner admitted that, to the extent that he would be liable for the deficiency in tax, the additions to tax would be applicable. Petitioner presented no evidence that would absolve him of these additions to tax. Under the Court's holdings on the issues, petitioner will owe a deficiency in tax and the aforesaid additions to tax will apply. Respondent, therefore, is sustained on this issue.

- 10 -

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.