T.C. Summary Opinion 2009-40


UNITED STATES TAX COURT


PENELOPE FELICIA KENT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21883-07S.                    Filed March 25, 2009.


Penelope Felicia Kent, pro se.

<u>Kristen I. Nygren</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,415 in petitioner's 2004 Federal income tax. The issue for decision is whether petitioner is entitled to deduct certain expenses claimed on her 2004 Schedule A, Itemized Deductions, incurred in the pursuit of a doctorate degree from the College of Education at Argosy University.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When the petition was filed, petitioner resided in Georgia.

Petitioner earned a bachelor's degree in health care management from Clayton State University in 1997. Petitioner continued her education and earned a master's degree in counseling and psychology from Clark Atlanta University in 1999.

Petitioner has worked for a number of companies in the profession of human resources (HR) for at least the last 12 years. In late 2001 petitioner was offered and began employment with Weyerhaeuser Co. (Weyerhaeuser) as an HR generalist. During 2004 petitioner continued her employment with Weyerhaeuser as an HR generalist.

While employed at Weyerhaeuser during 2004, petitioner attended Argosy University and enrolled in the university's doctorate of education program. Weyerhaeuser did not require petitioner to obtain any further education as a condition of employment. Rather, petitioner testified it was her personal decision to pursue the degree because she saw it as an opportunity to move up in the corporate world and the economy.

During 2004 petitioner paid Argosy University $10,400 for tuition. Although petitioner lived in Atlanta, Georgia, she enrolled at the Argosy University campus located in Sarasota, Florida, because the campus in Atlanta did not offer the degree she wanted. Petitioner took half of her courses online and half of her courses at the Argosy University campus located in Sarasota.

On her timely filed 2004 Federal income tax return petitioner claimed miscellaneous itemized deductions for vehicle, business, education, and tax preparation expenses that she

claimed related to her 2004 educational pursuit.[2]  The parties
have stipulated these expenses as follows:

| Expense | Amount |
| --- | --- |
| Vehicle | $7,149 |
| Business | 3,560 |
| Educational | 10,400 |
| Tax preparation | 100 |
| Total | $21,209 |

After application of the 2-percent floor in section 67(a),
petitioner's claimed miscellaneous itemized deduction related to
her 2004 educational pursuit was $19,968.

In the notice of deficiency, respondent disallowed
petitioner's claimed miscellaneous itemized deduction.
Respondent's determination was made on the basis of petitioner's
alleged failure to establish that the $21,209 in unreimbursed
employee expenses were ordinary and necessary to petitioner's
business.  Petitioner timely filed a petition with this Court.

### Discussion

In general, the Commissioner's determination set forth in a
notice of deficiency is presumed correct, and the taxpayer bears

---

[2] The record is unclear as to how petitioner's claimed tax
preparation expense of $100 relates to her 2004 educational
pursuit.  Nevertheless, the claimed deduction was disallowed by
respondent and grouped collectively with petitioner's other
disallowed educational expenses; i.e., her vehicle, business, and
educational expenses.  Because petitioner has not separately
asserted entitlement to a deduction for a tax preparation
expense, for convenience, we will continue to aggregate the
claimed tax preparation expense with the other asserted
educational expenses rather than deem the issue conceded by her
under Rule 34(b).

the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934).[3]

Section 162(a) generally allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Expenditures made by an individual for education are deductible as ordinary and necessary business expenses if the education maintains or improves skills required by the individual in her employment or other trade or business.  Sec. 1.162-5(a), Income Tax Regs.  The general rule under section 1.162-5(a), Income Tax Regs., however, does not apply if the expenditures fall within either of two specified categories; i.e., they are nondeductible expenditures if:  (1) They are incurred to meet the minimum educational requirements for qualification in a taxpayer's trade or business; or (2) they qualify the taxpayer for a new trade or business. See Robinson v. Commissioner, 78 T.C. 550, 552 (1982); sec. 1.162-5(b), Income Tax Regs.

---

[3] Pursuant to sec. 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner, however, has neither alleged that sec. 7491(a) is applicable nor established compliance with the requirements of sec. 7491(a)(2)(A) and (B).

Petitioner's claimed unreimbursed employee expense deduction is for expenditures related to her pursuit of a doctorate of education from Argosy University. Petitioner has been employed in the HR profession for at least the last 12 years. Petitioner claims that during 2004, while employed as an HR generalist by Weyerhaeuser, her professional duties were to train, develop, and educate other company employees. Petitioner asserts that a doctorate of education degree would improve her skills in these areas and position her for future opportunities within the HR profession. Petitioner also testified, however, that it was her intention to become a consultant after finishing her doctorate degree and further admitted having received offers for teaching positions at two universities once she had received her degree.

Respondent does not dispute whether petitioner's pursuit of a doctorate in education improves her skills in the HR profession. Respondent's contention, which petitioner has not refuted, is that the doctorate of education degree program qualifies petitioner to enter into the new trades or businesses of consulting and teaching and that the duties and responsibilities of consulting and teaching are different in nature than those associated with the HR profession.

An individual who, through education, improves her skills in an existing trade or business may also become qualified for a new trade or business. Thompson v. Commissioner, T.C. Memo. 2007-

174. If the education in question qualifies the taxpayer to perform significantly different tasks and activities than she could perform before the education, then such education is deemed to qualify the taxpayer for a new trade or business. Robinson v. Commissioner, supra at 552 (citing Browne v. Commissioner, 73 T.C. 723, 726 (1980), Diaz v. Commissioner, 70 T.C. 1067, 1074 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979), Glenn v. Commissioner, 62 T.C. 270, 275 (1974), and Weiszmann v. Commissioner, 52 T.C. 1106, 1110 (1969), affd. 443 F.2d 29 (9th Cir. 1971)). The mere capacity to engage in a new trade or business is sufficient to disqualify the expenses for the deduction. Weiszmann v. Commissioner, supra at 1111. Petitioner, by her own admission, indicated that the skills and knowledge she has acquired and continues to acquire in pursuit of her doctorate degree in education will qualify her to enter into a new trade or business, e.g., consulting and/or teaching.

Accordingly, we find that petitioner's unreimbursed employee expenses claimed in 2004 were not ordinary and necessary expenses to petitioner's trade or business in the HR profession. It follows that petitioner has failed to carry her burden of proof and respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered for respondent.