T.C. Summary Opinion 2009-71

UNITED STATES TAX COURT

NICHOLAS GARRETT RAY AND MICHELLE SHERE RAY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17674-07S.                    Filed May 11, 2009.

Nicholas Garrett and Michelle Shere Ray, pro sese.

Chong S. Hong, for respondent.

GERBER, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,397 income tax deficiency for petitioners' 2005 tax year and a section 6662(a) accuracy-related penalty of $1,079.40. The issues we consider are whether petitioners are entitled to their claimed deductions for educational expenses and/or charitable deductions and whether they are liable for an accuracy-related penalty.[2]

## Background[3]

Petitioners are Nicholas Ray (Mr. Ray) and Michelle Johnson.[4] Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2005 with the filing status "Married filing jointly". Petitioners resided in California at the time their petition was filed. On their 2005 Form 1040 petitioners claimed charitable cash or check contributions of $11,247 and contributions other than cash of $300 for total contributions of

---

[2]At the opening of the trial respondent's counsel advised the Court that all adjustments had been resolved with the exception of the educational expenses and the charitable contributions. Respondent's counsel did not say whether the accuracy-related penalty remained in dispute; however, the outcome of the case has obviated the need to address the penalty.

[3]No questions were raised in this case about sec. 7491 and the burden of proof or the burden of production.

[4]Although this case is captioned in the name of Nicholas Garrett and Michelle Shere Ray, Michelle Ray prefers use of the surname "Johnson".

$11,547.  Respondent disallowed $11,727 of charitable contribution deductions, an amount $180 more than the amount petitioners claimed.

During 2005 petitioners belonged to a church that was qualified as a nonprofit organization under section 501(c)(3) to which contributions would normally be tax deductible. Petitioners did not receive any goods or services from their church.  Petitioners regularly made contributions to their church for tithing, building fund, and other purposes.

During 2005 petitioners paid $10,460 to their church. Petitioners produced 30 copies of checks totaling $9,780 and additional evidence from their bank that two more checks totaling $680 had been issued during 2005.  Petitioners are entitled to charitable contribution deductions of $10,460 for 2005.

Mr. Ray is a teacher who received his bachelor of arts degree with a major in history during 2004.  Mr. Ray was teaching under a so-called emergency credential, which in effect meant that he did not have tenure in the school system.  He began teaching on February 14, 2005, under the emergency credential, which would expire in 1 year.  There were educational requirements for the extension of the emergency credential, which could be extended for 1 additional year.  The next level of teaching status was a so-called preliminary credential, which also was not a tenured position.

In all other respects Mr. Ray had the obligations, rights, and privileges of a tenured teacher.  He had a voice (vote) in all faculty decisions; the school system made contributions to his retirement plan; and there were continuing education requirements to maintain his emergency credentials and his teaching position for a second year.  During 2005 Mr. Ray incurred expenses for educational courses to maintain his teaching status for 2005 or 2006.  Mr. Ray's courses might also have qualified him to obtain a preliminary credential which, although not a tenured position, was a more permanent position in the school system.  Once Mr. Ray obtained a preliminary credential, he had 5 years to obtain a permanent teaching certificate.  Mr. Ray's courses did not lead to a master's or other advanced educational degree.  There were also educational requirements, on a 5-year cycle, for all teachers, irrespective of whether their teaching position was permanent.

Ms. Johnson is also a teacher, and she attended college during 2004 and 2005 to earn her bachelor of science degree in liberal studies.  Ms. Johnson received her bachelor's degree in October 2006.  During December 1995 Ms. Johnson had received an associate degree in the science of child development and family relations.  Ms. Johnson had a regular (5 year) teaching credential, valid March 1, 2006, through March 1, 2011, enabling her to teach in the care, development, and instruction of

children in a child development program.  Respondent conceded that Ms. Johnson's 2005 educational expenses were deductible and did not qualify her for a new position, even though the courses taken would result in extending her associate degree to a bachelor's degree.

## Discussion

Section 162(a) generally allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Expenditures made by an individual for education are deductible as ordinary and necessary business expenses if the education maintains or improves skills required by the individual in her employment or other trade or business.  Sec. 1.162-5(a), Income Tax Regs.  The general rule under section 1.162-5(a), Income Tax Regs., however, does not apply if the expenditures fall within either of two specified categories; i.e., they are nondeductible expenditures if:  (1) They are incurred to meet the minimum educational requirements for qualification in a taxpayer's trade or business; or (2) they qualify the taxpayer for a new trade or business. See Robinson v. Commissioner, 78 T.C. 550, 552 (1982); sec. 1.162-5(b), Income Tax Regs.

An individual who, through education, improves his or her skills in an existing trade or business may also become qualified for a new trade or business.  Thompson v. Commissioner, T.C.

Memo. 2007-174.  If the education in question qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform before the education, then the education is deemed to qualify the taxpayer for a new trade or business.  Robinson v. Commissioner, supra at 552 (citing Browne v. Commissioner, 73 T.C. 723, 726 (1980), Diaz v. Commissioner, 70 T.C. 1067, 1074 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979), Glenn v. Commissioner, 62 T.C. 270, 275 (1974), and Weiszmann v. Commissioner, 52 T.C. 1106, 1110 (1969), affd. 443 F.2d 29 (9th Cir. 1971)).  The mere capacity to engage in a new trade or business is sufficient to disqualify the expenses for the deduction.  Weiszmann v. Commissioner, supra at 1111.

Respondent agrees that Ms. Johnson is entitled to claim her educational expenses, so there is no need to address her circumstances.  With respect to Mr. Ray, however, respondent contends that his educational expenditures were to meet the minimum requirements for a job and, therefore, are not deductible.  Mr. Ray contends, however, that he had met the requirements to teach on an emergency credential.  Petitioner did not know at the end of 2005 whether he had qualified for a preliminary credential.  Accordingly, at the end of 2005 Mr. Ray was merely able to show that he was attempting to seek a

preliminary credential and that he was attempting not to lose his teaching status under the emergency credential.

In a substantially similar case involving a California teacher with emergency credentials, we held that the taxpayer's educational expenses were deductible. <u>Orr v. Commissioner</u>, T.C. Memo. 1992-566. In that case we held that the taxpayer:

> who has already obtained a baccalaureate degree, has met the minimum educational requirements for qualification as an elementary or secondary school teacher in the State of California. Therefore, the educational costs incurred to meet additional requirements of the employer are deductible.

That holding was in view of a thorough analysis of Federal tax statutes and regulations and California law governing teaching positions.

Respondent, however, argues that a change in California law would change the outcome because of the requirements set forth in section 1.162-5(b)(2)(ii), Income Tax Regs. That regulation was referenced and discussed in <u>Orr v. Commissioner</u>, <u>supra</u>. Accordingly, we consider whether respondent's argument is correct.

Sec. 1.162-5(b)(2)(ii), Income Tax Regs., states that

> The minimum educational requirements for qualification of a particular individual in a position in an educational institution is the minimum level of education (in terms of aggregate college hours or degree) which under the applicable laws or regulations * * * is normally required of an individual initially being employed in such a position. * * *

Respondent argues that a change in California law since <u>Orr</u> <u>v. Commissioner</u>, <u>supra</u>, was decided would change the application of the above-quoted regulation in this case. The change referenced by respondent is that at the time of <u>Orr</u>, to acquire a teaching credential California law required a bachelor's degree and completion of 5 years of total study within 5 years from the date of issuance of an emergency credential. See Cal. Educ. Code sec. 44259 (West 1978). Current California law does not allow a 5-year period to complete the postbachelor professional education courses. See Cal. Educ. Code sec. 44259(a) (West 1990). Instead the current law provides for a staging process, beginning with an emergency credential for 1 and up to 2 years, and then a preliminary credential leading to a permanent credential. With respect to preliminary and permanent credentials, California requires continuing education in order to remain certified to teach in either category.

The difference cited by respondent is without a distinction. It merely changes the form (reduces the 5-year period to a 2-year period) and not the substance or effect of the prior California requirements. Under either the 1978 or the 1990 version of the California statute, a bachelor's degree is the threshold for a teaching credential. See sec. 1.162-5(b)(2)(iii), <u>Example</u> (<u>1</u>), Income Tax Regs. Mr. Ray had a teaching credential and he had therefore met the minimum educational requirements for

qualification so that his educational expenditures were for the purpose of maintaining and improving his skills and not for qualification. There is no actual or rational difference between a teacher on an emergency or regular credential being required to take educational courses in order to be retained, even though the interval may be different. Accordingly, we hold that Mr. Ray and Ms. Johnson are entitled to deduct $24,883 in educational expenses and related expenses for 2005.

We have found that petitioners have substantiated $10,460 of charitable contributions and accordingly hold that they are entitled to deduct them for their 2005 tax year.

In view of our holding that petitioners are entitled to all of their claimed educational expense deductions and because they have shown entitlement to more than 90 percent of their claimed charitable contribution deductions, there will not be a "substantial understatement" of tax large enough to trigger the application of the section 6662(a) and (b)(2) accuracy-related penalty.[5] Accordingly, we hold that petitioners are not liable for an accuracy-related penalty.

---

[5]Sec. 6662(d)(1)(A) requires that an understatement exceed the greater of 10 percent of the tax required to be shown on the return or $5,000 to be "substantial" and thus to trigger the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.