T.C. Memo. 1998-14

UNITED STATES TAX COURT

ALICE PAULINE BROWNE, A.K.A. A. PAULINE BROWNE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15144-96.                    Filed January 12, 1998.

Alice Pauline Browne, pro se.

<u>Stephen R. Doroghazi</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes, an addition to tax, and accuracy-related penalties for the years indicated:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalties Sec. 6662(a) |
|------|-----------|--------------------------------|------------------------|
| 1992 | $4,438 | $221.90 | $638.40 |
| 1993 | $2,730 | – | $546.00 |

After a concession by petitioner,[2] the issues remaining for decision are:  (1) Whether petitioner is entitled to Schedule C business expense deductions in excess of the amounts allowed by respondent; (2) whether petitioner is liable for the section 6651(a)(1) addition to tax for 1992; and (3) whether petitioner is liable for the section 6662(a) accuracy-related penalties for 1992 and 1993.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Royal Palm Beach, Florida, on the date the petition was filed in this case.

---

[2]    Petitioner concedes that respondent properly determined that one-half of the Social Security benefits she received during 1992 must be included in her gross income for her 1992 taxable year.  On her 1992 return, petitioner correctly reported her Social Security benefits received in the amount of $8,885 but mistakenly entered the taxable amount of such benefits on the line labeled "other income".  The proper adjustment to petitioner's taxable Social Security benefits for 1992 is only $2,247.50, which represents the difference between the taxable amount reported on the wrong line ($2,195) and the correct taxable amount ($4,442.50).

Petitioner is a multi-talented individual. She works primarily as a legal secretary, having received her juris doctor degree from Atlanta Law School. In addition to her work in the legal field, petitioner is an income tax return preparer, artist, photographer, author, and minister. Respondent agrees that petitioner possessed a business purpose for her pursuit of all of these occupations.

The first issue for decision is whether petitioner is entitled to Schedule C business expense deductions in excess of the amounts allowed by respondent. In general, respondent's position is that petitioner failed to substantiate the claimed deductions in excess of the amounts allowed in the statutory notice of deficiency.

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving her entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner's burden includes the requirement that she substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  In the event that a taxpayer establishes that she has paid a deductible expense, but is unable to substantiate the precise amount of the expense, we may estimate the amount of the deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order to make such an estimate, the taxpayer must present evidence sufficient to provide some rational basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner presented no receipts in support of her claimed deductions.  She maintains, however, that she fully substantiated her claimed deductions during respondent's audit of her 1992 and 1993 returns.  Her explanation for failing to produce the records at trial is that such records were too voluminous to fit in her car.

We reject petitioner's excuse for being unprepared for trial.  As a law school graduate, tax accountant, and previous litigant in this Court,[3] petitioner should have known that the documents she allegedly showed to respondent at the administrative level would need to be produced as evidence at trial.  More importantly, petitioner was served with a notice on

_____

[3]    See Browne v. Commissioner, 73 T.C. 723 (1980); Dandeneau v. Commissioner, T.C. Memo. 1971-128, affd. without published opinion sub nom. Browne v. Commissioner, 456 F.2d 799 (5th Cir. 1972).

March 20, 1997, setting her case for trial on June 9, 1997. Attached to the notice of trial was the Court's standing pretrial order which states in part:

> ORDERED that all facts shall be stipulated to the maximum extent possible.  All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness.  Objections may be preserved in the stipulation.  If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party.  Any documents or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session.  The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown.

Petitioner failed to comply with the Court's order to stipulate her documentary evidence.  As a result, the record in this case does not contain any receipts which support her claimed business expense deductions.[4]  We find that petitioner has failed to meet her burden of proving her entitlement to the claimed deductions.  Rule 142(a).

After reviewing the record, we find it insufficient to allow us to make an estimate of petitioner's deductible business

---

[4]    We refuse to rely on petitioner's self-serving written statement describing the costs of her trip to Europe in 1992 because it is not corroborated by any canceled checks, receipts, or other written documents.  Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

expenses under the <u>Cohan</u> rule.  <u>Vanicek v. Commissioner</u>, <u>supra</u>.
Therefore, we hold that petitioner is not entitled to business
expense deductions for 1992 and 1993 in excess of the amounts
allowed by respondent.[5]

The second issue for decision is whether petitioner is
liable for the section 6651(a)(1) addition to tax for 1992.

Section 6651(a)(1) imposes an addition to tax for failure to
timely file a return, unless the taxpayer establishes that such
failure is due to reasonable cause and not due to willful
neglect.  "Reasonable cause" requires the taxpayer to demonstrate
that she exercised ordinary business care and prudence and was
nonetheless unable to file a return within the prescribed time.
<u>United States v. Boyle</u>, 469 U.S. 241, 245-246 (1985).  "Willful
neglect" means a conscious, intentional failure or reckless
indifference.  <u>Id.</u> at 246.  The addition to tax equals 5 percent
of the tax required to be shown on the return if the failure to
file is for not more than 1 month, with an additional 5 percent
for each additional month or fraction of a month during which the
failure to file continues, not to exceed a maximum of 25 percent.
Sec. 6651(a)(1).

Petitioner's 1992 return was originally due on April 15,
1993.  Sec. 6072(a).  She applied for and received an automatic,

---

[5]    We note that respondent allowed petitioner deductions
for substantial portions of her claimed expenses.

4 month extension of time to file until August 16, 1993.[6]  Sec. 6081; sec. 1.6081-4, Income Tax Regs.  Section 7502 generally provides that a return which is timely mailed will be treated as filed on the date it is mailed.  However, this rule does not apply in petitioner's case because she admits to mailing her return on August 20, 1993, 4 days after the prescribed, extended date for filing the return.  Sec. 7502(a)(2).  We therefore find that petitioner's 1992 return was filed on August 30, 1993, the date it was received by respondent.

Based on the record, we further find that petitioner has failed to prove that her failure to timely file her return was not due to willful neglect or that such failure was due to reasonable cause.  We reject her argument that her responsibility to prepare other individuals' tax returns constitutes reasonable cause for failing to timely file her own return.  Accordingly, we hold that petitioner is liable for the section 6651(a)(1) addition to tax.

The third issue for decision is whether petitioner is liable for the section 6662(a) accuracy-related penalties for 1992 and 1993.  Respondent's determinations of negligence are presumed to be correct, and petitioner bears the burden of proving that the penalties do not apply.  Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

_____

[6]    Since August 15, 1993, fell on a Sunday, petitioner was allowed an extra day to file the return.  Sec. 7503.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a) for her underpayments of taxes in 1992 and 1993, and that such underpayments were due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess her proper tax liability for the year. Id.

Based on the record, we find that petitioner has not proved that her underpayments were due to reasonable cause or that she acted in good faith.  Accordingly, we hold that petitioner is liable for the section 6662(a) accuracy-related penalties as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.