T.C. Memo. 2003-175


UNITED STATES TAX COURT


GEORGE W. WARREN AND FLORENCE J. WINTERHELD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8125-00.                    Filed June 12, 2003.


George W. Warren and Florence J. Winterheld, pro se.

<u>Cynthia Olson</u> and <u>James Gehres</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, <u>Judge</u>: Respondent determined a deficiency of $3,954
and an addition to tax of $745 under section 6651(a)(1) in
petitioners' Federal income tax for 1994.[1]  After concessions,

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  Amounts are rounded to
the nearest dollar.

the issue for decision is whether petitioners are entitled to deduct education expenses incurred in 1994.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in Chinook, Montana. At the time of trial, George Warren (hereinafter, petitioner) was 62 years old.

In 1986, petitioner decided to pursue a career in the ministry of the United Methodist Church (UMC). The rules for each level of candidacy can be found in the UMC's 1992 Book of Discipline.[2] There are various levels of candidacy. The levels, in ascending order, are: (1) Certified candidate, (2) local pastor, (3) associate member, (4) probationary member, and (5) member in full connection. Petitioner will be unable to become a member in full connection because of the time commitment, as petitioner will be forced to retire at the age of 70.

---

[2] The 1992 Book of Discipline is applicable to the year in issue. These rules changed in 1996.

From 1993 to 1996, petitioner was a part-time local pastor.[3] The levels relevant to the year in issue are described as follows:

    1. <u>Certified Candidate</u>:  This level requires graduation from an accredited high school or receipt of a certificate of equivalency.

    2. <u>Local Pastor</u>:  A local pastor may be a student or a part-time or full-time position.[4]  This level requires attendance at a 2-week licensing school or completion of one-third of the work necessary for a master of divinity degree.

    This position is appointed annually.  Local pastors continue in the course of study for ordained ministry until they have completed the educational requirements for associate or probationary membership.[5] After completion of the educational requirements for an associate membership, however, an individual may choose to remain a local pastor.  A local pastor may lead the sacraments (i.e., baptism, communion) at the appointed parish.

    3. <u>Associate Member</u>:  To be considered for associate membership, a candidate must have reached the age of 35 and served 4 years as a full-time local pastor.  This level also requires completion of the educational requirements for local pastors, completion of the 5-year course of study for ordained ministry, and completion of at least 60 semester hours toward a bachelor's degree.

---

[3]  Since 1996, petitioner has been a full-time local pastor, and, as of June 2002, was being considered for associate membership.

[4]  Local pastors may be part time if, for example, a church cannot afford a full-time local pastor.

[5]  Generally, a full-time local pastor must complete these educational requirements within 8 years and a part-time pastor within 10 years.

In 1992, petitioner became a certified candidate. Prior to entering the candidacy for ministry, petitioner accumulated over 60 undergraduate semester hours from various schools, which met the minimum undergraduate educational requirements to become an associate member.

Petitioner decided that he needed to improve his ministry skills. Such skills included interpersonal skills, relational skills (e.g., working with situations in which parishioners could be involved), sermon writing skills, leadership skills, and management skills. In 1994, petitioner decided to take courses at the University of Great Falls.[6] These courses were not required for petitioner to continue as a local pastor. In December 1995, petitioner earned a bachelor's degree in human services.

On their joint 1994 tax return, petitioners claimed a deduction of $9,698 for "Continuing Education" on their Schedule C, Profit or Loss From Business. The amount claimed represented tuition, books, and course-related fees incurred and paid by petitioner for the courses taken at the University of Great Falls. In the notice of deficiency, respondent disallowed the deduction, stating:

---

[6] Examples of courses taken by petitioner include: Introduction to Counseling, Internship in Ministry Practice, Death and Dying as a Life Cycle, Modern Social Problems, The Family, Community, Ethics in Human Services, Symphonic Choir, Basic Writing, and Writing Strategies.

Since you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown.

Respondent issued a supplemental report for the notice of deficiency but continued to disallow this deduction in full.

OPINION

Deductions are a matter of legislative grace, and petitioners have the burden of showing that they are entitled to any deduction claimed.[7]  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Although this section does not explicitly mention expenditures for education, the regulations provide an objective test for determining whether such expenditures are deductible.[8]  Diaz v. Commissioner, 70 T.C. 1067, 1072-1073 (1978).  Education expenses are considered ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his employment or meets the express requirements of an

---

[7]  The parties do not argue that sec. 7491(a) is applicable.

[8]  The education expense regulation here relevant was promulgated in 1967.  It replaced a regulation that had been promulgated in 1958.  The 1958 regulation embodied a subjective "primary purpose" test.  The 1967 regulation replaced this with an objective test, in particular, the qualification-for-a-new-trade-or-business test embodied in sec. 1.162-5(b)(3), Income Tax Regs.  Taubman v. Commissioner, 60 T.C. 814, 817-819 (1973).

employer imposed as a condition for the taxpayer's continued employment, status, or rate of compensation.  Sec. 1.162-5(a), Income Tax Regs.

Education expenses, however, are not deductible if they are "made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business."  Sec. 1.162-5(b)(3)(i), Income Tax Regs.  This is so even if the courses meet the express requirements of the employer.  Jungreis v. Commissioner, 55 T.C. 581, 591 (1970).  It is immaterial whether the individual undertaking the education intends to or does in fact become employed in a new trade or business.  Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971).

Whether the education qualifies a taxpayer for a new trade or business depends upon the tasks and activities which he was qualified to perform before the education and those which he is qualified to perform afterwards.  Weiszmann v. Commissioner, 52 T.C. 1106, 1110 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971).  We have repeatedly disallowed education expenses where the education qualifies the taxpayer to perform significantly different tasks and activities.  Browne v. Commissioner, 73 T.C. 723, 726 (1980); Glenn v. Commissioner, 62 T.C. 270, 275 (1974).  Further, the taxpayer's subjective purpose in pursuing the education is irrelevant, and the question of deductibility is not

satisfied by a showing that the taxpayer did not in fact carry on or did not intend to carry on a new trade or business.  Burnstein v. Commissioner, 66 T.C. 492, 495 (1976).

Respondent argues that the courses taken by petitioner qualify him for a new trade or business, and that the expenses of a college education are almost always nondeductible personal expenses.

We conclude that the courses, which ultimately led to petitioner's bachelor's degree, qualified petitioner in a new trade or business.  The courses taken by petitioner provided him with a background in a variety of social issues that could have prepared him for employment with several public agencies and private non-profit organizations outside of the ministry.  Whether or not petitioner remains in the ministry is irrelevant; what is important under the regulations is that the degree "will

lead" petitioner to qualify for a new trade or business.[9]  Sec. 1.162-5(b)(3)(i), Income Tax Regs.

It may be all but impossible for a taxpayer to establish that a bachelor's degree program does not qualify the taxpayer in a new trade or business.[10]  See Malek v. Commissioner, T.C. Memo. 1985-428.  We stated in Carroll v. Commissioner, 51 T.C. 213, 216 (1968), affd. 418 F.2d 91 (7th Cir. 1969):

> Millions of people must secure a general college education before they commence their life's employment, and it is generally accepted that obtaining such education is a personal responsibility in preparing for one's career. * * * Though his perseverance is to be admired, we do not believe that he should receive tax deductions not available to those who complete their general college preparation before beginning their career.  Furthermore, a general college education has more than economic utility.  It broadens one's understanding and increases his appreciation of his social and cultural environment.

---

[9]  In Glasgow v. Commissioner, T.C. Memo. 1972-77, affd. 486 F.2d 1045 (10th Cir. 1973), we allowed an ordained minister to deduct the expenses involved in gaining an undergraduate degree. The opinion notes that, as a general proposition, the costs of an undergraduate college education are not deductible, but that an exception was warranted under the circumstances involved in the case.  The case was decided under the 1958 regulations.  See supra note 8.  These earlier regulations were subjective and stressed the "primary purpose" for a taxpayer's educational expenditures.  As a result, an educational expenditure which qualified a taxpayer for a new trade or business would not be disallowed as an ordinary and necessary business expense deduction unless the education was undertaken primarily for the purpose of obtaining a new position.

[10]  We note that the regulations deal specifically with "teaching and related duties".  Sec. 1.162-5(b)(3)(i), Income Tax Regs.

We have no doubt that the courses petitioner took greatly improved his skills in being a pastor, and that petitioner intends to continue with the UMC.  Unfortunately, we apply an objective test in determining whether a course qualifies a taxpayer for a new trade or business, <u>Diaz v. Commissioner</u>, <u>supra</u>, and the courses taken by petitioner prepared him for positions outside the ministry.  See <u>Meredith v. Commissioner</u>, T.C. Memo. 1993-250.  We conclude that petitioner is not entitled to a deduction for his educational expenses because the courses qualified petitioner in a new trade or business.

In reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.